## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ASHH, INC.,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA,
U.S. CUSTOMS AND BORDER PROTECTION,
TROY A. MILLER, Senior Official Performing the
Duties of the Commissioner of U.S. Customs and
Border Protection, SHAWN BISSONETTE,
U.S. Customs and Border Protection Fines, Penalties
and Forfeitures Officer, in his official capacity,
DeANN O'HARA, U.S. Customs and Border Protection
Fines, Penalties and Forfeitures Officer, in her
official capacity, JOHN and/or JANE DOES I-X,
Unknown U.S. Customs and Border Protection
Agents, in their official capacities,

      Defendants.

Case No. 2:21-cv-11210
Hon.

---

## **COMPLAINT**

      Plaintiff ASHH, Inc. ("Plaintiff"), states for its Complaint against the United

States of America ("U.S."), U.S. Customs and Border Protection ("CBP"), Troy A.

Miller, Senior Official performing the duties of the Commissioner of CBP, Shawn

Bissonette, CBP Fines, Penalties and Forfeitures Officer, in his official capacity,

DeAnn O'Hara, CBP Fines, Penalties and Forfeitures Officer, in her official

capacity, and John and/or Jane Does I-X, unknown CBP agents, in their official capacities, (collectively, "Defendants") as follows:

## INTRODUCTION

1.     This matter arises out of CBP's improper seizures and continued detention of Plaintiff's property in contravention of both state and federal law and CBP's failure and/or refusal to return said property to Plaintiff in a timely manner.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff ASHH Inc. is a Michigan corporation with its registered business address located at 13231 North End, Oak Park, Michigan 48237.

3.     Plaintiff makes and distributes ancillary products and accessories for the CBD and hemp markets, including vaporizers, rolling papers, and packaging supplies.

4.     Defendant CBP is a federal agency charged with patrolling the nation's international borders.

5.     Defendant Troy A. Miller is the Senior Official performing the duties of the Commissioner of CBP.

6.     Defendant Shawn Bissonette is a Fines, Penalties, and Forfeiture Officer with CBP stationed out of the Port of Detroit, Michigan.

7.     Defendant DeAnn O'Hara is a Fines, Penalties, and Forfeiture Officer with CBP stationed out of the Port of Pembina, North Dakota.

8.      Defendants John and/or Jane Does I-X are yet to be identified current and former CBP agents responsible for the inspection, detention, and seizure of the seized and detained merchandise described herein in the ports located in Detroit, Michigan and International Falls, Minnesota in the same or in a substantially similar manner as the Defendants enumerated in the preceding paragraphs.

9.      Jurisdiction is proper in this Court pursuant to 18 U.S.C. § 1331, as this matter arises out of the Constitution, laws, and/or treaties of the United States of America; 28 U.S.C. § 1346, as the United States is a Defendant; the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

10.     Venue is proper in this Court pursuant to 18 U.S.C. § 1391, because a substantial part of the events giving rise to the claims set forth herein occurred in the Eastern District of Michigan and 18 U.S.C. § 1402 as Plaintiff resides in the judicial district for the Eastern District of Michigan.

## COMMON ALLEGATIONS

### A.    Legal Framework

11.     The Agriculture Improvement Act of 2018 (the "2018 Farm Bill") authorized the production of hemp  and removed hemp and hemp seeds from the Drug Enforcement Administration's schedule of Controlled Substances. Pub. L. 115-334.

3

12.     Section 12619 of the 2018 Farm Bill specifically added an exclusion from the definition of marihuana found in 21 U.S.C. § 802(16).

13.     The exclusion states that marihuana does not include hemp as defined in 7 U.S.C. § 1639o.

14.     The definition of hemp in 7 U.S.C. § 1639o was also added in the 2018 Farm Bill and provides that the term "hemp" means:

> the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

15.     Consequently, hemp derived products with a delta-9 tetrahydrocannabinol ("THC") concentration of not more than 0.3 percent on a dry weight basis no longer fall within the definition of marihuana in the Controlled Substance Act.  *See* 21 U.S.C. § 801 *et. seq.*

16.     Likewise, products and equipment primarily intended or designed for use to ingest or inhale CBD and hemp products no longer fall within the definition of drug paraphernalia.

17.     "Drug paraphernalia" is defined in 21 U.S.C. § 863(d) to mean:

> any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under this subchapter. It includes items primarily intended or designed for use in

ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, hashish oil, PCP, methamphetamine, or amphetamines into the human body[.]

18.     Section 863(d) also lists several items similar to the products at issue in this case.

19.     Section 863 further provides several factors to consider when determining whether an item is drug paraphernalia. These factors are:

1) instructions, oral or written, provided with the item concerning its use;

2) descriptive materials accompanying the item which explain or depict its use;

3) national or local advertising concerning its use;

4) the manner in which the item is displayed for sale;

5) whether the owner, or anyone in control of the item, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products;

6) direct or circumstantial evidence of sales of the item(s) to the total sales of the business enterprise;

7) the existence and scope of legitimate uses of the item in the community; and

8) expert testimony concerning its use.

21 U.S.C. § 863(e).

20.     As set forth herein, the items at issue in this matter are not "drug paraphernalia."

21.     Assuming, *arguendo* that the items are in fact "drug paraphernalia," the restrictions set forth in Section 863 "shall not apply to any person authorized by

5

local, **State**, or Federal law to manufacture, possess, or distribute such items[.]" 21 U.S.C. § 863(f)(1) (emphasis added).

22.   Michigan law expressly authorizes a party to manufacture, possess, or distribute drug paraphernalia.

23.   Specifically, the Michigan Medical Marihuana Act ("MMMA") and The Michigan Regulation and Taxation of Marihuana Act ("MRTMA") unambiguously provide such language.

24.   The MMMA is a voter initiative approved by voters of the State of Michigan on November 4, 2008 and enacted into law, effective December 4, 2008, that governs the use and possession of medical marihuana in Michigan.  *See* MCL § 333.26421, *et seq.*

25.   Section 4 of the MMMA provides that:

> Any marihuana, **marihuana paraphernalia**, or licit property that is possessed, owned, or used in connection with the medical use of marihuana, as allowed under this act, or acts incidental to such use, **shall not be seized or forfeited**.

MCL § 333.26424(i) (emphasis added).

26.   Section 3 of the MMMA defines "medical use of marihuana" to mean:

> the **acquisition, possession**, cultivation, manufacture, extraction, **use**, internal possession, **delivery, transfer, or transportation** of marihuana, marihuana-infused products, or **paraphernalia** to the administration of marihuana to treat or alleviate a registered qualifying patient's

debilitating medical condition or symptoms associated with the debilitating medical condition.

MCL § 333.26423(h) (emphasis added).

27.     In the November 2018 Michigan election, voters of the State of Michigan approved a ballot initiative legalizing the recreational use and possession of marihuana for adults 21 years of age and older as set forth in the MRTMA. *See* MCL § 333.27951, *et seq.*

28.     Section 5.2 of MRTMA provides that:

Notwithstanding any other law or provision of this act, except as otherwise provided in section 4 of this act, the use, manufacture, possession, and purchase of marihuana accessories by a person 21 years of age or older and the ***distribution or sale of marihuana accessories*** to a person 21 years of age or older is authorized, is not unlawful, is not an offense, ***is not grounds for seizing or forfeiting property***, is not grounds for arrest, prosecution, ***or penalty in any manner***, and is not grounds to deny any other right or privilege.

MCL § 333.27955(2) (emphasis added).

29.     The definition of "marihuana accessories" in MRTMA closely parallels the Federal definition of drug paraphernalia in 21 U.S.C. § 863(d) and defines "marihuana accessories" to mean:

any equipment, product, material, or combination of equipment, products, or materials, that is specifically designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, ingesting, inhaling, or otherwise introducing marihuana into the human body.

MCL § 333.27953(f).

7

30.     Based on the unambiguous language of the 2018 Farm Bill, 21 U.S.C.

§ 863(f)(1), the MMMA, and MRTMA, Plaintiff is legally authorized to import CBD

and hemp accessories and/or drug paraphernalia into the State of Michigan.

**B.     The November 27, 2019 Seizure**

31.     On or about January 30, 2020, CBP notified Plaintiff that it had seized

property at International Falls, Minnesota, described as follows:

```
4520 each   Steamboat Silicone Apparatus   Drug Paraphernalia
4980 each – Trip Silicone Apparatus – Drug Paraphernalia
 160 each – Kettle Silicone Apparatus    Drug Paraphernalia
9000 each – Bowser Silicone Apparatus – Drug Paraphernalia
9920 each – Liquid Glass Apparatus – Drug Paraphernalia
3750 each   Slugger Silicone Storage Container – Drug Paraphernalia
4800 each – Saturn Metal Grinder – Drug Paraphernalia
5260 each – Stack Silicone Apparatus – Drug Paraphernalia
```

**Exhibit A,** *Notice of Seizure and Information to Claimants*.

32.     Fines, Penalties, and Forfeiture Officer DeAnn O'Hara signed the

January 30, 2020 *Notice of Seizure and Information to Claimants.  Id.*

33.     As set forth in the January 30, 2020 *Notice of Seizure and Information

to Claimants*, on November 27, 2019, container BMOU4507401 arrived at

International Falls/Rainer Minnesota rail yard on Canadian National Railway train

Q1185123, under Entry # EE3-1361568.  *Id.*

34.     If not for the seizure of the shipment in Minnesota, the subject container

would have been transported under bond to the Port of Detroit Michigan for release

to Plaintiff.

8

35.     By letter dated March 31, 2020, Plaintiff responded to CBP's seizure, by filing a petition against the seizure stating that the products were not drug paraphernalia and therefore the seizure should be cancelled, and the goods released. **Exhibit B**, *Letter dated March 31, 2020.*

36.     As set forth in Plaintiff's letter dated March 31, 2020, the seized items are not drug paraphernalia based on the criteria set forth in 21 U.S.C. § 863(e) for the following reasons:

1) *Instructions, oral or written, provided with the item concerning its use.* The written instructions provided by ASHH for use of the seized merchandise relate solely to the use of the products with CBD or other hemp products that are now legal for use throughout the United States. Copies of these instructions are attached as Exhibit 1.

2) *Descriptive materials accompanying the item which explain or depict its use.* The descriptive materials accompanying the products are the same as those in factor 1.

3) *National or local advertising concerning its use.* ASHH advertises its products on Instagram and on the ASHH website (https://www.oozelife.com). The products are advertised for sale to convenience stores, gas stations, smoke shops and medical marijuana/CBD dispensaries. This advertising does not advocate the use of the products for the consumption of illegal products.

4) *The manner in which the item is displayed for sale.* The wholesale packaging for the seized products is attached as Exhibit 2. The packaging does not indicate that the products are for use with marijuana in states where it remains illegal.

5) *Whether the owner, or anyone in control of the item, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.* ASHH is a legitimate supplier of these products to retail establishments for use with CBD and hemp products in accordance with the legalization of the use of

these products by the Federal government and also in states where marijuana is fully legal.

6) *Direct or circumstantial evidence of sales of the item(s) to the total sales of the business enterprise.* In the six-month period from September 1, 2019 through February 29, 2020, the sales of the seized merchandise accounted for 7% of ASHH's total revenue. As discussed below in Factor 7, the states where marijuana usage is fully legal or for medicinal purposes account for more than 86% of the total U.S. population.[1] If the usage of the seized products for consumption of legal CBD is factored into this percentage, it becomes clear that sales of the seized products is legal to all of the U.S. population.

7) *The existence and scope of legitimate uses of the item in the community.* The use of the seized products is widespread and legitimate throughout the United States for the consumption of hemp products. Their use is also legitimate in the 29 states and the District of Columbia where the use of marijuana is fully legal or for medicinal purposes. The population of the states where the use of marijuana is fully legal or for medicinal purposes is more than 296,000,000.[2] This accounts for more than 86% of the total U.S. population.

8) *Expert testimony concerning the use of the products.* ASHH is unaware of any expert testimony regarding the use of the seized products.

37.    Despite Plaintiff's timely election, the petition remains outstanding over a year later.

38.    Even assuming *arguendo* that the items seized by Defendants are drug paraphernalia, they are exempt under Federal law since Michigan law authorizes Plaintiff to distribute said products and exempts them from seizure.

---

[1] https://worldpopulationreview.com/states/
[2] *Id.*

ClarkHill\66299\425039\263008205

39.     Accordingly, this shipment should be immediately returned to Defendant.

**C.     The April 13, 2021 Seizure**

40.     On or about May 10, 2021, CBP notified Plaintiff that it seized a subsequent shipment at a "Federal Inspection Service area located in Romulus, Michigan, on April 13, 2021" containing the following items:

| | | |
|---|---|---|
| 28800 | EA | OOZE SLIDER GLASS BLUNT DISPLAY |
| 19200 | EA | OOZE GLOBE DISPLAY |
| 27648 | EA | GLASS GLOBE DISPLAY |
| 6768 | EA | OOZE QUARTZ BANGER |
| 1824 | EA | OOZE COMET |
| 4526 | EA | OOZE FLOW GRINDER |
| 12816 | EA | OOZE SATURN GRINDER |
| 13800 | EA | OOZE SLIM TWIST PRO |
| 400 | EA | OOZE TAPE |
| 36300 | EA | OOZE SLIM PEN TWIST |
| 497500 | EA | OOZE PAPER ENVELOPES |
| 10000 | EA | VERANO ROLLING TRAYS |

**Exhibit C,** *Notice of Seizure and Information to Claimants*.

41.     Fines, Penalties, and Forfeiture Officer Shawn Bissonette signed the May 10, 2021 *Notice of Seizure and Information to Claimants. Id.*

42.     Plaintiff is in the process of responding to the *Notice of Seizure and Information to Claimants* and will do so in a timely manner.

43.     These items seized by Defendants are not drug paraphernalia.

44.     Even assuming *arguendo* that the items seized by Defendants are drug paraphernalia, they are exempt under Federal law since Michigan law authorizes Plaintiff to distribute said products and exempts them from seizure.

45.    Accordingly, this shipment should be immediately returned to Defendant.

**D.    The May 6, 2021 Seizure**

46.    On or about May 17, 2021, CBP notified Plaintiff that it seized a subsequent shipment at Detroit Airport on May 6, 2021 containing the following items:

```
1536   EA   OOZE VAPORIZER
18000  EA   OOZE SLIM TWIST w/SMART USB
```

**Exhibit D,** *Notice of Seizure and Information to Claimants*.

47.    Fines, Penalties, and Forfeiture Officer Shawn Bissonette signed the May 17, 2021 *Notice of Seizure and Information to Claimants.  Id.*

48.    Plaintiff is in the process of responding to the *Notice of Seizure and Information to Claimants* and will do so in a timely manner.

49.    The majority of items contained in this shipment are Lithium-ion batteries, which are describe as the 18000 Ooze Slim Twist w/ Smart USB.

50.    Lithium-ion batteries, if not recharged properly, are likely to lose their ability to be recharged over time and become unusable.

51.    If the lithium-ion batteries are not immediately returned to Plaintiff, they will be not be saleable; causing substantial damage to Plaintiff.

52.    These items seized by Defendants are not drug paraphernalia.

53.    Even assuming *arguendo* that the items seized by Defendants are drug paraphernalia, they are exempt under Federal law since Michigan law authorizes Plaintiff to distribute said products and exempts them from seizure.

54.    Accordingly, this shipment should be immediately returned to Defendant.

E.    **The May 10, 2021 Seizure**

55.    On or about May 10, 2021, CBP seized three additional containers belonging to Plaintiff designated as Customs Entry Number EE3-1386406-2, and bearing container numbers CRSU9333570, FFAU1925230, and FSCU6156535.

56.    The items contained in this shipment are:

| | |
|---|---|
| 93726 ea | Ooze Globe Display |
| 43200 ea | Ooze Quartz Banger |
| 41750 ea | Glass Blunt Tubes |
| 16128 ea | Festive Globes |
| 3000 ea | Slider Glass Blunts |
| 37260 ea | Loud Lock Glass Tips |
| 80000 ea | Custom Mylar Bags |
| 50000 ea | Loud Lock Turkey Bags |
| 76224 ea | Ooze Twist Slip Pen |
| 10944 ea | Ooze Vault |
| 14928 ea | Ooze Gusher Kit |
| 191970 ea | Ooze Smart USB Display |
| 6800 ea | Bulk Quartz Bangers |
| 36000 ea | Glass Bowl |

57.    To date, Plaintiff has not received the formal seizure notice for these containers.

58.    These items seized by Defendants are not drug paraphernalia.

59.     Even assuming *arguendo* that the items seized by Defendants are drug paraphernalia, they are exempt under Federal law since Michigan law authorizes Plaintiff to distribute said products and exempts them from seizure.

60.     Accordingly, this shipment should be immediately returned to Defendant.

## COUNT I -
## CLAIM FOR RETURN OF PROPERTY SEIZED ON NOVEMBER 27, 2019

61.     Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

62.     Plaintiff brings this claim for return of seized property against Defendants under Federal Rule of Criminal Procedure 41(g).  *See* **Exhibit A**.

63.     Plaintiff is entitled to the immediate return of its property as the seized property is not drug paraphernalia.

64.     Assuming *arguendo* the property was properly classified as drug paraphernalia, it is exempt from seizure pursuant to 21 U.S.C. § 863(f)(1), the MMMA, and MRTMA.

65.     Plaintiff's property must also be returned because Defendant's extreme delay in seeking forfeiture or holding a hearing on Plaintiff's petition constitutes a violation of due process.

ClarkHill\66299\425039\263008205

## COUNT II -
## CLAIM FOR RETURN OF PROPERTY SEIZED ON APRIL 13, 2021

66.     Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

67.     Plaintiff brings this claim for return of seized property against Defendants under Federal Rule of Criminal Procedure 41(g).  *See* **Exhibit C**.

68.     Plaintiff is entitled to the immediate return of its property as the seized property is not drug paraphernalia.

69.     Assuming *arguendo* the property was properly classified as drug paraphernalia, it is exempt from seizure pursuant to 21 U.S.C. § 863(f)(1), the MMMA, and MRTMA.

## COUNT III - CLAIM FOR RETURN OF PROPERTY
## SEIZED ON MAY 6, 2021

70.     Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

71.     Plaintiff brings this claim for return of the seized property against Defendants under Federal Rule of Criminal Procedure 41(g).  *See* **Exhibit D**.

72.     Plaintiff is entitled to the immediate return of its property as the seized property is not drug paraphernalia.

73.    Assuming *arguendo* the property was properly classified as drug paraphernalia, it is exempt from detention and seizure pursuant to 21 U.S.C. § 863(f)(1), the MMMA, and MRTMA.

74.    If Plaintiff's property seized on May 17, 2021 is not immediately returned, it will be unusable.

## COUNT IV - CLAIM FOR RETURN OF PROPERTY
## SEIZED ON OR ABOUT MAY 10, 2021

75.    Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

76.    Plaintiff brings this claim for return of the detained property against Defendants under Federal Rule of Criminal Procedure 41(g).

77.    Plaintiff is entitled to the immediate return of its property as the detained property is not drug paraphernalia.

78.    Assuming *arguendo* the property was properly classified as drug paraphernalia, it is exempt from detention and seizure pursuant to 21 U.S.C. § 863(f)(1), the MMMA, and MRTMA.

## COUNT V -
## REVIEW OF AGENCY ACTION PURSUANT TO 5 U.S.C. § 702

79.    Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

80.     Pursuant to 5 U.S.C. § 702 "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

81.     Section 702 further provides that "any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance."  5 U.S.C. § 702.

82.     Troy A. Miller, Senior Official performing the duties of the Commissioner of CBP, Shawn Bissonette, CBP Fines, Penalties and Forfeitures Officer, in his official capacity, DeAnn O'Hara, CBP Fines, Penalties and Forfeitures Officer, in her official capacity, John and/or Jane Does I-X, unknown CBP agents, in their official capacities are all named pursuant to 5 U.S.C. § 702 as the officers responsible for compliance.

83.     As set forth above, the property detained and seized by Defendants is not drug paraphernalia.

84.     Assuming *arguendo* that the property was properly classified as drug paraphernalia, 21 U.S.C. § 863(f)(1) specifically provides that it "shall not apply to any person authorized by local, **State**, or Federal law to manufacture, possess, or distribute such items[.]" 21 U.S.C. § 863(f)(1) (emphasis added).

85. The MMMA and MRTMA, both laws of the State of Michigan, specifically authorize the manufacture, possession, and distribution of drug paraphernalia.

86. The MMMA specifically provides that marihuana paraphernalia "*shall not be seized or forfeited*." MCL § 333.26424(i) (emphasis added).

87. MRTMA also specifically provides that the *distribution or sale of marihuana accessories* to a person 21 years of age or older is authorized, is not unlawful, is not an offense, *is not grounds for seizing or forfeiting property*, is not grounds for arrest, prosecution, *or penalty in any manner*, and is not grounds to deny any other right or privilege." MCL § 333.27955(2) (emphasis added).

88. In seizing and detaining Plaintiff's property, Defendants have exceeded their statutory jurisdiction, authority, and limitations.

89. Defendants actions are otherwise arbitrary, capricious, an abuse of discretion, and not in accordance with law.

90. Consequently, Defendants are not authorized to seize and/or detain Plaintiff's property.

91. Pursuant to 2 U.S.C. § 706(2), this Court may hold unlawful and set aside Defendant's action as being contrary to constitutional right and not otherwise in accordance with law and in excess of Defendant's authority.

## COUNT VI - TAKING

92.    Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

93.    Defendants have detained and seized Plaintiff's property.

94.    As set forth above, Plaintiff's property is not drug paraphernalia.

95.    Assuming *arguendo* that Plaintiff's property was properly classified as drug paraphernalia, Defendants failure to properly interpret the applicable laws, including, *inter alia*, federal law, the MMMA, and MRTMA's exceptions to detention and seizures of drug paraphernalia, amount to an impermissible taking of Plaintiff's property without just compensation.

96.    In addition, Defendants detention of Plaintiff's lithium-ion batteries is likely to result in those products being unusable if not returned immediately.

97.    Defendants' actions are not reasonably necessary to promote and protect the public health, safety, welfare and morals.

98.    As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of all economically reasonable use or value of its property.

## DECLARATORY RELIEF ALLEGATIONS

99.    Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

ClarkHill\66299\425039\263008205

100.   An actual and substantial controversy exists between Plaintiff and Defendants as to their legal rights and duties with respect to whether Plaintiffs property is properly classified as drug paraphernalia.

101.   An actual and substantial controversy exists between Plaintiff and Defendants as to whether Defendants can permissibly seize Plaintiff's property as drug paraphernalia despite 21 U.S.C. § 863(f)(1)'s exclusion of such action and the MMMA and MRTMA's exclusionary language precluding the seizure of drug paraphernalia.

102.   Plaintiff has and will continue to import similar items to those detained and seized by Defendants.

103.   Plaintiff anticipates that Defendant will continue to improperly detain and seize its property absent court intervention.

104.   This case is presently justiciable because Defendants have injured and will continue to cause injury to Plaintiff through their actions.

105.   Declaratory relief is therefore appropriate to resolve this controversy.

## **INJUNCTIVE RELIEF ALLEGATIONS**

106.   Plaintiff incorporates by reference and re-asserts here the allegations contained in the above paragraphs.

107.   Defendants actions violate both State and Federal law.

108.   If an injunction does not issue enjoining Defendants from continuing this practice, Plaintiff will be irreparably harmed.

109.   Plaintiff has no plain, speedy, and adequate remedy at law to prevent Defendants from continuing their improper conduct.

110.   If not enjoined by this Court, Defendants will continue to improperly detain and seize Plaintiff's property in contravention to 21 U.S.C. § 863(f)(1), the MMMA, and MRTMA.

## PRAYER AND CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court Order as follows:

A. Entry of a judgment declaring that Defendants immediately return Plaintiff's detained and seized property.

B. Entry of judgment declaring that Defendants detention and seizure of Plaintiff's property was an improper taking of Plaintiff's property without compensation and award Plaintiff appropriate damages resulting from such taking.

C. Entry of a preliminary and a permanent injunction prohibiting Defendants from engaging in any further acts contrary to 21 U.S.C. § 863(f)(1), the MMMA, and MRTMA.

ClarkHill\66299\425039\263008205

D. Such further legal and equitable relief that may be just under the circumstances.

Respectfully submitted,

CLARK HILL PLC


By:   /s/ Jason R. Canvasser
      Jason R. Canvasser (P69814)
      500 Woodward Ave., Suite 3500
      Detroit, MI 48226
      Tel: (313) 965-8300
      jcanvasser@clarkhill.com
      Attorneys for Plaintiff

Dated:  May 24, 2021