## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ASHH, Inc.,

    Plaintiff,

vs.

United States of America, *et al.*,

    Defendants.

Case No. 2:21-cv-11210
Honorable Arthur J. Tarnow
Magistrate Curtis Ivy, Jr.

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants the United States of America, U.S. Customs and Border Protection (CBP), Troy A. Miller, in his official capacity as Senior Official Performing the Duties of the Commissioner of CBP, Shawn Bissonette, in his official capacity as CBP Fines, Penalties, and Forfeitures Officer, DeAnn O'Hara, in her official capacity as CBP Fines, Penalties, and Forfeitures Officer, and unnamed defendants I-X in their official capacities as CBP agents, hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), to dismiss the complaint.

Pursuant to Local Rule 7.1(a), the undersigned attorney for Defendants contacted Plaintiff's attorney of record via email on July 30, 2021 and by telephone on August 2, 2021, concerning Plaintiff's position on this motion. Plaintiff opposes the relief sought.

This motion is based upon the accompanying brief.

Dated: August 2, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

*/s/ Michael F. Knapp*
MICHAEL F. KNAPP
(Cal. Bar No. 314104)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-2071
Fax: (202) 616-8470
Email: michael.f.knapp@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| ASHH, Inc., | |
| Plaintiff, | |
| vs. | Case No. 2:21-cv-11210 |
| | Honorable Arthur J. Tarnow |
| United States of America, *et al.*, | Magistrate Curtis Ivy, Jr. |
| Defendants. | |

## <u>DEFENDANTS' BRIEF IN SUPPORT OF</u> <u>MOTION TO DISMISS THE COMPLAINT</u>

## ISSUES PRESENTED

(1)   Whether the Court lacks equitable jurisdiction over Plaintiff's Rule 41 claims (Counts I–IV) because Plaintiff has available a remedy at law.

(2)   Whether venue is proper in this Court for Plaintiff's Count I, where the seizure occurred outside of this judicial district.

(3)   Whether this Court should dismiss Plaintiff's Administrative Procedure Act claim in Count V

(a)   for lack of jurisdiction, where other statutes establish the exclusive schemes for judicial review; or

(b)   for failure to state a claim, where there are other adequate judicial remedies; or

(c)   for failure to state a claim, where Plaintiff does not challenge "final agency action."

(4)   Whether this Court should dismiss Plaintiff's Takings claim in Count VI

(a)   for lack of jurisdiction, because the Tucker Act provides for exclusive jurisdiction for such claims in the Court of Federal Claims; or

(b)   for failure to state a claim, because a seizure under customs laws does not implicate the Takings Clause.

## <u>CONTROLLING AUTHORITIES</u>

**Cases**

*Shaw v. United States*, 891 F.2d 602 (6th Cir. 1989)

*LKQ Corp. v. U.S. DHS*, 369 F. Supp. 3d 577 (D. Del. 2019)

*Brott v. United States*, 858 F.3d 425 (6th Cir. 2017)

*Leistiko v. Stone*, 134 F.3d 817 (6th Cir. 1998)

*Jackson v. United States*, 143 Fed. Cl. 242 (2019)

*United States v. Droganes*, 728 F.3d 580 (6th Cir. 2013)

*Acadia Tech., Inc. v. United States*, 458 F.3d 1327 (Fed. Cir. 2006)

**Statutes and Regulations**

5 U.S.C. § 701

5 U.S.C. § 704

19 U.S.C. § 1908

19 U.S.C. § 1918

28 U.S.C. § 1581(h)

19 C.F.R. § 177.1(c)

19 C.F.R. § 177.9(a)

**Rules**

Fed. R. Crim. P. 41(g)

Fed. R. Civ. P. Supp. R. G

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND....................................................................................................2

STANDARDS OF REVIEW ................................................................................5

ARGUMENT ........................................................................................................7

I.      The Court must dismiss Plaintiff's Rule 41(g) claims. ...........................7

     A.      The Court lacks jurisdiction over Plaintiff's Rule 41(g) claims..................7

     B.      Venue is improper for Count I....................................................9

II.     The Court should dismiss Plaintiff's APA claim in Count V. ..............11

     A.      Jurisdiction over Plaintiff's APA claim is precluded under
           § 701(a)(1)...........................................................................11

     B.      The APA claim must be dismissed because there are other
           adequate judicial remedies. ..............................................13

     C.      The APA claim must be dismissed because it does not challenge
           "final agency action.".......................................................15

III.    The Court should dismiss Plaintiff's Takings claim in Count VI. ......16

     A.      The Court of Federal Claims has exclusive jurisdiction over
           Plaintiff's Takings claim. .................................................16

     B.      Plaintiff's Takings claim is meritless in any event......................17

CONCLUSION ...................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

## CASES

*$8,050 in United States Currency v. United States,*
  307 F. Supp. 2d 922 (N.D. Ohio 2004) ................................................................. 9

*Abernathy v. Kral,*
  305 F. Supp. 3d 795 (N.D. Ohio 2018) ................................................................. 8

*Acadia Tech., Inc. v. United States,*
  458 F.3d 1327 (Fed. Cir. 2006) ........................................................................... 20

*Aigbekaen v. Fu,*
  2021 WL 1176167 (E.D.N.Y. Mar. 29, 2021),
  *appeal filed sub. nom. Aigbekaen v. Nielson*, No. 21-969 (2d Cir. Apr. 19, 2021) ............. 10

*Amini v. Oberlin Coll.,*
  259 F.3d 493 (6th Cir. 2001) ................................................................................. 7

*Armstrong v. United States,*
  364 U.S. 40 (1960) ................................................................................................ 19

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................... 7

*Audi AG & Volkswagen of Am., Inc. v. Izumi,*
  204 F. Supp. 2d 1014 (E.D. Mich. 2002) .............................................................. 6

*Bennett v. Spear,*
  520 U.S. 154 (1997) .............................................................................................. 16

*Block v. Cmty. Nutrition Inst.,*
  467 U.S. 340 (1984) .............................................................................................. 11

*Bowen v. Massachusetts,*
  487 U.S. 879 (1988) .............................................................................................. 14

*Brewer v. HUD,*
  508 F. Supp. 72 (S.D. Ohio 1980) ........................................................................ 18

*Brott v. United States,*
  858 F.3d 425 (6th Cir. 2017) .......................................................................... 16, 17

*Brown v. United States*,
   692 F.3d 550 (6th Cir. 2012) ........................................................................ 8, 9

*Carnick v. United States*,
   2008 WL 785290 (E.D. Mich. Mar. 24, 2008) .......................................... 5-6

*De Almeida v. United States*,
   459 F.3d 377 (2d Cir. 2006) ........................................................................... 7

*El Mourabit v. United States*,
   2009 WL 10711886 (E.D. Ky. Feb. 24, 2009) ............................................. 8

*FTC v. Standard Oil Co. of Cal.*,
   449 U.S. 232 (1980) ....................................................................................16

*Garcia v. Vilsack*,
   563 F.3d 519 (D.C. Cir. 2009) ....................................................................14

*German All. Ins. Co. v. Barnes*,
   189 F. 769 (C.C.D. Kan. 1911),
   *aff'd sub. nom. German All. Ins. Co. v. Lewis*, 233 U.S. 389 (1914) ...........19-20

*Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*,
   807 F.3d 806 (6th Cir. 2015) ......................................................................... 5

*Haines v. Fed. Motor Carrier Safety Admin.*,
   814 F.3d 417 (6th Cir. 2016) ......................................................................13

*Ibarra v. United States*,
   120 F.3d 472 (4th Cir. 1997) ......................................................................... 3

*Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*,
   108 F.3d 658 (6th Cir. 1997) .......................................................................20

*In re Seizure of $100,622.44 in U.S. Currency*,
   2019 WL 6776031 (E.D. Mich. Dec. 12, 2019)......................................... 8

*Jackson v. United States*,
   143 Fed. Cl. 242 (2019) ..............................................................................18

*Jama v. DHS*,
   760 F.3d 490 (6th Cir. 2014) ..................................................................15-16

*Knope v. Mich. State Nurses Ass'n of Am. Nurses Ass'n*,
  2020 WL 4934319 (E.D. Mich. Aug. 24, 2020)...................................................6

*Kondaur Cap. Corp. v. Smith*,
  802 F. App'x 938 (6th Cir. 2020).....................................................................20

*Leistiko v. Stone*,
  134 F.3d 817 (6th Cir. 1998) ............................................................................11

*LKQ Corp. v. DHS*,
  369 F. Supp. 3d 577 (D. Del. 2019) ........................................................... 14, 16

*Lucas v. S.C. Coastal Council*,
  505 U.S. 1003 (1992) ........................................................................................19

*McCormick v. Miami Univ.*,
  693 F.3d 654 (6th Cir. 2012) ..............................................................................7

*Mercedes Benz of St. Clair Shores v. DEA*,
  2019 WL 6877889 (E.D. Mich. Dec. 17, 2019)..................................................8

*Mugler v. Kansas*,
  123 U.S. 623 (1887) ..........................................................................................19

*Ocean Cnty. Landfill Corp. v. EPA*,
  631 F.3d 652 (3d Cir. 2011)...............................................................................16

*Ostipow v. Federspiel*,
  824 F. App'x 336 (6th Cir. 2020)......................................................................18

*Parks v. United States*,
  895 F.2d 1414 (6th Cir. 1990) ....................................................................... 7, 9

*Perry v. United States*,
  28 Fed. Cl. 82 (1993) ........................................................................................18

*Posters 'N' Things, LTD. v. United States*,
  511 U.S. 513 (1994) ............................................................................................2

*Price v. City of Junction*,
  711 F.2d 582 (5th Cir. 1983) ............................................................................19

*Reynolds v. FCA US LLC*,
  2021 WL 2682794 (E.D. Mich. June 30, 2021)..................................................7

*Rimmer v. Holder*,
   700 F.3d 246 (6th Cir. 2012) ...............................................................14

*Rogers v. United States*,
   2010 WL 4968184 (S.D.N.Y. Nov. 30, 2010) ...................................10

*Shaw v. United States*,
   891 F.2d 602 (6th Cir. 1989) .......................................................7, 8, 9

*Tabb Lakes v. United States*,
   10 F.3d 796 (Fed. Cir. 1993) ..............................................................18

*Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*,
   535 U.S. 302 (2002) ..............................................................................19

*Tripolymer, Inc. v. FDI Enters., Inc.*,
   2018 WL 3956449 (E.D. Mich. Aug. 17, 2018).................................6

*United States v. $70,000.00 in U.S. Currency*,
   203 F.R.D. 308 (S.D. Ohio 2000).......................................................7

*United States v. Assorted Drug Paraphernalia Valued at $29,627.07*,
   2018 WL 6630524 (D.N.M. Dec. 19, 2018).....................................15

*United States v. Block*,
   2018 WL 11277504 (W.D. Mich. Oct. 9, 2018),
   *aff'd*, 2019 WL 11718879 (6th Cir. May 9, 2019)...........................8

*United States v. Droganes*,
   728 F.3d 580 (6th Cir. 2013) ...............................................................19

*United States v. Duncan*,
   918 F.2d 647 (6th Cir. 1990) .................................................................7

*United States v. Fausto*,
   484 U.S. 439 (1988) ...............................................................................11

*United States v. Garcia*,
   65 F.3d 17 (4th Cir. 1995)......................................................................6

*United States v. Griffin*,
   993 F.2d 1548 (6th Cir. 1993) ...............................................................9

*United States v. Mask of Ka-Nefer-Nefer*,
  2012 WL 1094658 (E.D. Mo. Mar. 31, 2012).............................................14-15

*United States v. Miscellaneous Firearms & Accessories*,
  2019 WL 950257 (N.D. Ohio Feb. 27, 2019)................................................10

*United States v. One 1974 Learjet 24D*,
  191 F.3d 668 (6th Cir. 1999) .......................................................................7

*United States v. Parlavecchio*,
  57 F. App'x 917 (3d Cir. 2003) ...................................................................6

*United States v. Ritchie*,
  15 F.3d 592 (6th Cir. 1994) .........................................................................6

*United States v. Smith*,
  253 F. App'x 242 (3d Cir. 2007) ................................................................10

*United States v. Vega*,
  72 F.3d 507 (7th Cir. 1995) .........................................................................3

*United States v. Von Neumann*,
  474 U.S. 242 (1986) .....................................................................................3

## STATUTES

5 U.S.C. § 701.......................................................................................... 11, 13

5 U.S.C. § 702............................................................................................ 1, 5

5 U.S.C. § 704........................................................................................ 13, 15

5 U.S.C. § 706................................................................................................5

6 U.S.C. § 211................................................................................................2

18 U.S.C. § 983........................................................................................ 2, 14

19 U.S.C. § 1499............................................................................................2

19 U.S.C. § 1595a..................................................................................... 2, 20

19 U.S.C. § 1602 *et seq*............................................................................. 2-3

19 U.S.C. § 1607............................................................................................3

19 U.S.C § 1608 ...............................................................................3, 9, 12, 14

19 U.S.C. § 1617 ...........................................................................................3

19 U.S.C. § 1618 ...............................................................................3, 4, 9, 12

21 U.S.C. § 863...........................................................................2, 12, 15, 20

28 U.S.C. § 1346 .................................................................................17, 18

28 U.S.C. § 1391 ...........................................................................................6

28 U.S.C. § 1404 ........................................................................................11

28 U.S.C. § 1491 .................................................................................17, 18

28 U.S.C. § 1581 .................................................................................13, 15

Civil Asset Forfeiture Reform Act of 2000,
   Pub. L. 106-185, 114 Stat. 202, codified at 18 U.S.C. § 983 and elsewhere.................2

## FEDERAL RULES

Fed. R. Civ. P. Supp. R. G .................................................................. 12, 14

Fed. R. Crim. P. 41(g) .................................................................1, 7, 10, 11

## REGULATIONS

19 C.F.R. § 161.5 ..........................................................................................3

19 C.F.R. § 162.45 ........................................................................................3

19 C.F.R. § 162.47 ........................................................................................3

19 C.F.R. § 171.1 ..........................................................................................3

19 C.F.R. § 171.2 ..........................................................................................3

19 C.F.R. § 171.11 ........................................................................................3

19 C.F.R. § 171.12 ........................................................................................3

19 C.F.R. § 171.31 ........................................................................................3

19 C.F.R. § 171.61 ........................................................................................3

19 C.F.R. § 177.1 ...................................................................................................... 13, 15

19 C.F.R. § 177.9 ...................................................................................................... 13, 15

**INTRODUCTION**

Officers with U.S. Customs and Border Protection (CBP) who examine shipments entering the United States identified four suspicious shipments and seized them for further investigation. Those investigations revealed that the four shipments, intended for Plaintiff ASHH, Inc., contained hundreds of thousands of dollars of drug paraphernalia, obscured by incomplete manifests and hidden behind and beneath otherwise innocuous merchandise. CBP promptly initiated administrative proceedings to forfeit the merchandise, sending seizure notices to ASHH informing it of its rights and the procedures for contesting forfeiture.

Rather than simply avail itself of the statutory procedures Congress has provided to contest the administrative forfeiture process, ASHH initiated this lawsuit, raising claims under Federal Rule of Criminal Procedure 41(g); the Administrative Procedure Act (APA), 5 U.S.C. § 702; and the Constitution's Takings Clause. This Court should dismiss each of these claims for multiple, independent reasons. First, relief under Rule 41(g) is unavailable once administrative procedures have been initiated, and venue is improper as to Count I. Second, Plaintiff's APA claim is barred for three separate reasons: (1) because other statutory review schemes preclude review under the APA, (2) because Plaintiff has alternative adequate judicial remedies, and (3) because the seizures Plaintiff challenges are not final agency action. Third, only the Court of Federal Claims has jurisdiction over Takings claims seeking money damages in the amounts at issue here, and the claim fails in any event. For these reasons, the Court should dismiss Plaintiff's Complaint in full.

1

## BACKGROUND

Congress has charged U.S. Customs and Border Protection with ensuring "the interdiction of . . . goods illegally entering" the United States and enforcing the "customs and trade laws of the United States." 6 U.S.C. § 211(c)(2), (4). Among other duties and powers, CBP may detain and examine merchandise before releasing it, 19 U.S.C. § 1499, and merchandise may "be seized and forfeited" if its importation is restricted or prohibited by a "law relating to health, [or] safety," *id.* § 1595a(c)(2)-(A). One law that governs the importation of merchandise, 21 U.S.C. § 863, makes it "unlawful for any person" to "import or export drug paraphernalia."

Whether something constitutes drug paraphernalia is based on the objective characteristics of the item. *See Posters 'N' Things, LTD. v. United States*, 511 U.S. 513, 518 (1994) ("Items that meet the 'designed for use' standard constitute drug paraphernalia irrespective of the knowledge or intent of one who sells or transports them."). Section 863 provides for two types of drug paraphernalia: first, *per se* drug paraphernalia listed in § 863(d) and, second, other items that are primarily used or designed for use with controlled substances when examined in light of relevant factors including those Congress expressly identified, *id.* § 863(e).

Congress has also set up a statutory scheme, buttressed by CBP regulations, to protect interested parties' rights in the merchandise CBP seizes.[1] A seizure (as distinct from detention for inspection) initiates the forfeiture process. *See, e.g.*, 19 U.S.C. § 1602

---

[1] Congress has established a separate scheme, commonly referred to as CAFRA, to govern civil forfeiture more generally. Civil Asset Forfeiture Reform Act of 2000, Pub. L. 106-185, 114 Stat. 202, codified at 18 U.S.C. § 983 and elsewhere. But that law expressly does not apply to proceedings, like these, initiated under Title 19. *See* 18 U.S.C. § 983(i)(2)(A).

*et seq.* CBP then issues written notice of the seizure to any party who appears to have an interest in the item. 19 U.S.C. § 1607, 19 C.F.R. § 162.45. By law, the notice informs such parties of the options it has available to contest the seizure. *See* 19 U.S.C. §§ 1607-08, 1617-18; 19 C.F.R. §§ 162.45, 162.47, 171.2, 171.31. "After seizure of an article by the United States Customs Service, a claimant to it has essentially two options. He may pursue an administrative remedy . . . or he may challenge the seizure in a judicial forfeiture action initiated by the Government." *United States v. Von Neumann*, 474 U.S. 242, 244 (1986). Thus, a party may file an administrative petition with CBP for remission of forfeiture. *See* 19 U.S.C. § 1618; 19 C.F.R. §§ 171.1, 171.2. In these administrative proceedings, a specialized CBP officer will review the petition and "remit or mitigate on such terms and conditions as, under law and in view of the circumstances, he or she deems appropriate." 19 C.F.R. §§ 171.11(a), 171.12. A dissatisfied petitioner can then seek further administrative review. *Id.* § 171.61. A petition for remission "does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence." *Ibarra v. United States*, 120 F.3d 472, 475 (4th Cir. 1997) (quoting *United States v. Vega*, 72 F.3d 507, 514 (7th Cir. 1995)). Alternatively, the party may file a claim for the property, post the required bond, and thereby request that the matter be referred to the appropriate U.S. Attorney for review and initiation of judicial forfeiture proceedings. *See* 19 U.S.C § 1608; 19 C.F.R. § 162.47. Under CBP regulations, a party may elect to file a claim before the goods are forfeited, even if the party earlier chose to file a petition. *See* 19 C.F.R. § 162.47. Three additional options are available to a party: First, the party may make an offer of compromise to CBP—in essence, a settlement offer. *See* 19 U.S.C. § 1617; 19 C.F.R. §§ 161.5, 171.31.

3

Second, a party may affirmatively abandon the property or, third (and to the same practical effect) simply take no action at all.

Plaintiff ASHH, Inc. is a Michigan corporation that manufactures and distributes "ancillary products and accessories" for the cannabis market, including "vaporizers, rolling papers, and packaging supplies." Compl. ¶¶ 2-3, ECF No. 1. On at least four occasions, ASHH attempted, unsuccessfully, to import what CBP determined to be drug paraphernalia for resale to customers in the United States. *Id.* ¶¶ 31, 40, 46, 55; *see id.* ¶ 3. CBP officials inspected these shipments, determined that they contained goods whose importation is prohibited, and seized them. *See, e.g.*, Compl. Ex. A at 1-2, PageID.24-25; *id.* Ex. C at 1-2, PageID.55-56. CBP issued the appropriate notices. *See* Compl. ¶¶ 32, 41, 47.[2] As to three of the shipments, ASHH responded by filing a timely petition seeking remission of forfeiture under 19 U.S.C. § 1618.[3] For each of these three seizures, administrative proceedings before CBP are ongoing. *See* Compl. ¶ 37.

The second shipment has already been administratively forfeited. *See* Peth Decl. Ex. 4. CBP seized the second shipment on April 13, 2021, and notified ASHH of the seizure on May 10, 2021. *See* Compl. ¶ 40. Although ASHH alleged in its May 24 complaint that it was "in the process of responding" to the notice, *id.* ¶ 42, ASHH ultimately failed to make a timely election of remedies. Peth Decl. Ex. 2. Following the governing statutes and regulations, and as the notice advised, CBP published its intent to forfeit for 30 consecutive days, *see* Peth Decl. Ex. 3. Although ASHH could have

---

[2] CBP provided a notice of seizure regarding the fourth shipment after Plaintiff filed its Complaint. *See* Peth Decl. Ex. 8.

[3] For the first shipment, ASHH did not specifically elect a remedy in its response, *see generally* Compl. Ex. B, Page ID.31-34, but CBP has construed its response as a petition.

4

filed a claim under § 1908 at any point on or before July 11, it did not do so and the seized merchandise was administratively forfeited on July 12. *See* Peth Decl. Ex. 4.

While all those administrative proceedings were still unfolding, but before any had reached its conclusion, ASHH filed this lawsuit. Plaintiff brings six distinct claims, but each makes an essentially identical argument: that the seized products are not "drug paraphernalia" under the statute or, if they are, are nonetheless exempt from customs enforcement. *See, e.g.*, Compl. ¶¶ 77-78, 83-84, 94-95. Counts I, II, III, and IV seek, for each shipment at issue, the return of the seized items under Federal Rule of Criminal Procedure 41(g). *See* Compl. ¶¶ 62, 67, 71, 76. Count V asks the Court to "set aside" the seizures under the Administrative Procedure Act, 5 U.S.C. §§ 702, 706. *See* Compl. ¶¶ 80, 91. Count VI alleges a taking of property without just compensation, in violation of the Fifth Amendment. *See* Compl. ¶¶ 92-98; Compl. Prayer for Relief ¶ B. In addition to damages and the return of the seized property, Plaintiff also seeks declaratory and injunctive relief. *See* Compl. ¶¶ 100-110. Defendants now move to dismiss.

## STANDARDS OF REVIEW

A motion to dismiss under Rule 12(b)(1) tests the Court's jurisdiction to hear the action. The plaintiff, as the party invoking the Court's jurisdiction, bears the burden of proving it. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). A motion under Rule 12(b)(1) may be either facial—where the complaint itself, taking well-plead factual allegations as true, fails to plead jurisdictional facts—or factual—where jurisdiction turns on a disputed fact that the Court must resolve. *See id.* On the latter type of motion, the Court "is not bound to accept as true the allegations of the complaint as to jurisdiction," *Carnick v. United States*, 2008 WL

5

785290, at *1 (E.D. Mich. Mar. 24, 2008). Instead, the Court must "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). Defendants make a facial attack, but present additional evidence outside the pleadings to provide context for the Court. To the extent that the Court thinks this additional evidence necessary to determine its jurisdiction, Defendants ask the Court to construe the motion as a factual attack.

A motion under Rule 12(b)(3) challenges the Plaintiff's choice of venue. "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Tripolymer, Inc. v. FDI Enters., Inc.,* 2018 WL 3956449, at *3 (E.D. Mich. Aug. 17, 2018) (quoting *Audi AG & Volkswagen of Am., Inc. v. Izumi,* 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)). Like a motion to dismiss under Rule 12(b)(1), a 12(b)(3) motion can be either facial, where the court accepts the well-pleaded factual allegations as true, or factual, where the movant provides facts to defeat venue. *See Knope v. Mich. State Nurses Ass'n of Am. Nurses Ass'n,* 2020 WL 4934319, at *1–2 (E.D. Mich. Aug. 24, 2020). Although venue is ordinarily assessed in relation to 28 U.S.C. § 1391, that statute, by its own terms, does not apply when "otherwise provided by law." Here, Rule 41(g) itself provides the applicable law for assessing venue. *See, e.g., United States v. Parlavecchio,* 57 F. App'x 917, 921 (3d Cir. 2003) (noting that the amended rule "will put to rest any debate relating to the proper venue"); *United States v. Garcia,* 65 F.3d 17, 20 (4th Cir. 1995) (describing the predecessor rule as containing a "venue provision").

A motion under 12(b)(6) challenges the legal sufficiency of the complaint. In evaluating the motion, a court assumes "the veracity of [the plaintiff's] well-pleaded factual allegations and determine[s] whether the plaintiff is entitled to legal relief as a

matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). And "although 'the court primarily considers the allegations in the complaint, . . . matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Reynolds v. FCA US LLC*, 2021 WL 2682794, at *4 (E.D. Mich. June 30, 2021) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## ARGUMENT

### I. The Court must dismiss Plaintiff's Rule 41(g) claims.

#### A. *The Court lacks jurisdiction over Plaintiff's Rule 41(g) claims.*

Rule 41(g)[4] creates an equitable remedy for the return of merchandise seized and held by the government. *See* Fed. R. Crim. P. 41(g); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). But "[a]fter the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use [Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings." *United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir. 1999); *Parks v. United States*, 895 F.2d 1414 (6th Cir. 1990) (unpublished) (holding that there is still no jurisdiction once an administrative forfeiture is complete). That is because "[u]nder standard equity doctrine, where there is an adequate remedy at law it must be pursued." *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989). In these circumstances, the court lacks equitable jurisdiction. *United States v. $70,000.00 in U.S. Currency*, 203 F.R.D. 308, 310 n.4 (S.D. Ohio 2000). Congress has established a legal remedy—multiple legal

---

[4] "Previously, the subsection addressing motions to return property was Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change." *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006).

remedies—for challenging CBP's seizures of merchandise, and a plaintiff must use those remedies in lieu of invoking a court's equitable jurisdiction.

Sixth Circuit precedent thus squarely forecloses Plaintiff's Rule 41(g) claims in this case—Counts I, II, III, and IV. In *Shaw*, the plaintiff sought the return of seized cash by filing a motion under Rule 41. 891 F.2d at 603. The district court denied the motion "on the grounds that there was a specific remedy provided for at law which she failed to pursue"—that is, the remedies provided by sections 1608 and 1618. *Id.* And the Sixth Circuit affirmed, agreeing that "a claimant may not use [Rule 41(g)] to bypass the statutory procedure provided for." *Id.*; *see also Brown v. United States*, 692 F.3d 550, 552-53 (6th Cir. 2012) (affirming dismissal of Rule 41(g) claim because the plaintiff "has an adequate remedy at law"). Courts throughout the Circuit have applied *Shaw* to similarly bar claims under Rule 41 for the return of seized property. *See, e.g.*, *El Mourabit v. United States*, 2009 WL 10711886, at *3 (E.D. Ky. Feb. 24, 2009) ("Once forfeiture proceedings have been initiated and the property owner has been notified of his options with respect to contesting the forfeiture, an individual may no longer use Rule 41(g), but instead must submit to the statutory procedures governing civil forfeiture proceedings."); *In re Seizure of $100,622.44 in U.S. Currency*, 2019 WL 6776031, at *2 (E.D. Mich. Dec. 12, 2019); *United States v. Block*, 2018 WL 11277504, at *1 (W.D. Mich. Oct. 9, 2018), *aff'd*, 2019 WL 11718879 (6th Cir. May 9, 2019); *Abernathy v. Kral*, 305 F. Supp. 3d 795, 797 (N.D. Ohio 2018); *cf. Mercedes Benz of St. Clair Shores v. DEA*, 2019 WL 6877889, at *3 (E.D. Mich. Dec. 17, 2019).

Just as in *Shaw*, this Court's equitable power under Rule 41(g) is unavailable because ASHH has an adequate remedy at law—indeed, under the same statutory

provisions at issue in *Shaw*. As the Notices of Seizure informed ASHH, ASHH can pursue its legal remedies under 19 U.S.C. § 1618 by filing a petition for remission of forfeiture. *See, e.g.*, Compl. Ex. A at 2, PageID.25. ASHH did so, or at least attempted to. *See* Compl. Ex. B, PageID.31-34; Compl. ¶¶ 35, 42, 48; Peth Decl. Exs. 2, 7, 10.[5] Alternatively, ASHH could have elected to pursue legal remedies available under 19 U.S.C. § 1608 by filing a claim and posting a bond, leading to a judicial forfeiture action by the United States. What ASHH plainly cannot do is "bypass the statutory procedure provided for" and seek immediate return of the goods through Rule 41. *Shaw*, 891 F.2d at 603; *see Brown*, 692 F.3d at 552 (similar). This Court therefore lacks jurisdiction over Counts I, II, III, and IV and must dismiss them.

   B.     *Venue is improper for Count I.*

   For the reasons just stated above, neither this Court nor any other district court has jurisdiction over Plaintiff's Count I, seeking the return of goods under Rule 41(g).

---

[5] In *Shaw*, the Sixth Circuit suggested that a party is confined to the legal remedies in § 1608 and § 1618 only once the party has notice of the seizure. Subsequent cases clarified that notice is adequate when actual or constructive. *See, e.g.*, *United States v. Griffin*, 993 F.2d 1548 (6th Cir. 1993) (unpublished) (affirming dismissal of Rule 41 motion for lack of jurisdiction based on "actual and constructive notice"); *Parks v. United States*, 895 F.2d 1414 (6th Cir. 1990) (unpublished) (affirming dismissal of Rule 41 action when the plaintiff "in fact knew of the seizure"). Here, ASHH pleads actual notice as to each of the four shipments in its Complaint, and notice of the remedies available. But to the extent that the Court believes formal notice as to the May 10 seizure was lacking when ASHH filed its Complaint on May 24, that notice was made on June 21, 2021, *see* Peth Decl. Ex. 8, and Plaintiff made its election on July 9, 2021, *see* Decl. Ex. 10. As in *Shaw*, this later initiation of administrative forfeiture proceedings undoubtedly eliminates whatever equitable jurisdiction this Court previously held. *See $8,050 in United States Currency v. United States*, 307 F. Supp. 2d 922, 927 (N.D. Ohio 2004) (citing *Shaw* to find Rule 41(g) motion precluded by administrative forfeiture process initiated after filing of 41(g) motion).

The Court should dismiss for lack of jurisdiction. In the alternative, however, the Court should dismiss Count I, which concerns a seizure that took place in Minnesota, for improper venue.

ASHH brings Count I "under Federal Rule of Criminal Procedure 41(g)." Compl. ¶ 62. That provision authorizes a "person aggrieved" by the seizure of property to "move for the property's return." Fed. R. Crim. P. 41(g). Such a motion, however, "must be filed in the district where the property was seized." *Id.* A motion related to goods seized *outside* the district should be dismissed for improper venue. *See United States v. Smith*, 253 F. App'x 242, 243 (3d Cir. 2007) (affirming denial of Rule 41 motion that "was filed in the wrong venue"); *United States v. Miscellaneous Firearms & Accessories*, 2019 WL 950257, at *2 (N.D. Ohio Feb. 27, 2019) ("[I]t is clear that venue is not properly laid in this district because the claimed items were not seized in this district."); *Aigbekaen v. Fu*, 2021 WL 1176167, at *2 (E.D.N.Y. Mar. 29, 2021) (dismissing Rule 41(g) motion in part, as related to property seized in another district), *appeal filed sub. nom. Aigbekaen v. Nielson*, No. 21-969 (2d Cir. Apr. 19, 2021); *Rogers v. United States*, 2010 WL 4968184, at *1 (S.D.N.Y. Nov. 30, 2010) (similar).

In Count I, ASHH seeks the return of property "seized on November 27, 2019." Compl., Count I. But, as the Complaint itself sets out, CBP seized the property at issue in Count I "at International Falls, Minnesota." Compl. ¶ 31; *see also id.* ¶¶ 33, 34. By Plaintiff's own allegations—confirmed by the documentary evidence attached to the Complaint, *see* Compl. Ex. A, PageID.24-29—the goods were seized in Minnesota, not the Eastern District of Michigan. Count I is filed in the wrong district, and it should be dismissed.

ASHH suggests in its Complaint that "[i]f not for the seizure of the shipment in Minnesota, the subject container would have been transported under bond to the Port of Detroit Michigan for release to Plaintiff." Compl. ¶ 34. The Court should reject any suggestion that a Rule 41(g) motion may be filed not only "in the district where the property was seized," as the text of the Rule says, but also in any other district where the property might have ended up. The Rule itself is pellucid: the motion "must" be brought in the district where the goods were "seized." If the Court reaches the question of venue, it should dismiss Count I.[6]

## II.    The Court should dismiss Plaintiff's APA claim in Count V.

### A.    Jurisdiction over Plaintiff's APA claim is precluded under § 701(a)(1).

Judicial review of agency action under the APA is precluded "to the extent that [ ] statutes preclude judicial review." 5 U.S.C. § 701(a)(1); *see Leistiko v. Stone*, 134 F.3d 817, 820 (6th Cir. 1998). "Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984); *see also United States v. Fausto*, 484 U.S. 439, 448 (1988).

Congress has set out a detailed statutory review scheme for claims pertaining to CBP's decisions relating to imports. First, Congress has provided that challenges to

---

[6] Although a court may sometimes transfer an action when venue is improper, dismissal is the proper course here. As outlined above, no court would have jurisdiction. More important, a transfer affects the "civil action," not individual claims. 28 U.S.C. § 1404. Venue would be improper in Minnesota as to Claims II-IV contesting three seizures in Michigan, and so those claims would either have to then be dismissed or the action transferred back to this Court.

specific seizures, such as Plaintiff raises here, should be reviewed in an *in rem* action initiated by the United States against the property to be forfeited. *See* 19 U.S.C. § 1608; *see also* Fed. R. Civ. P. Supp. R. G (outlining procedures for *in rem* proceedings in detail). In those proceedings, any "person who asserts an interest" in the property may contest the forfeiture. Fed. R. Civ. P. Supp. R. G(5)(a)(i). Among other procedures, the interested party may move to dismiss the forfeiture complaint, *id.* G(8)(b) or seek mitigation under the Excessive Fines Clause, *id.* G(8)(e). And Congress has also provided for an administrative process for a party to raise concerns with the seizure to CBP outside the judicial context, subject to possible later judicial review in a judicial forfeiture proceeding. *See* 19 U.S.C. § 1618. Congress has thus set up a specific scheme for reviewing a claimant's rights to seized property, including distinct and detailed procedural rules to govern any resulting judicial proceedings. It would frustrate Congress's purpose to permit an end-run around this statutory scheme and would short-circuit the administrative process established specifically to allow the agency room to respond to a claimant's arguments in the first instance. Judicial review under the APA is thus precluded.

A second statutory review scheme also curtails this Court's jurisdiction under the APA. Plaintiff's principal argument against forfeiture appears to be that CBP has wrongly treated its goods as drug paraphernalia either as a factual matter under 21 U.S.C. § 863(d) and § 863(e), or else as a legal matter under § 863(f). *See, e.g.*, Compl. ¶¶ 12-30, 83-87; Compl. Ex. B, PageID31-34. Indeed, Plaintiff seeks prospective relief on this basis. *See* Compl. ¶¶ 101, 110; Compl. Prayer for Relief ¶ C. But as concerns prospective rulings on the legality of contemplated transactions, such as the importation

of specific merchandise, "the Customs Service will give full and careful consideration to written requests from importers and other interested parties for rulings or information setting forth, with respect to a specifically described transaction, a definitive interpretation of applicable law, or other appropriate information." 19 C.F.R. § 177.1(a)(1). A ruling in response to such a request "represents the official position of the Customs Service" as to the issue it addresses and is "binding on all Customs Service personnel . . . until modified or revoked." *Id.* § 177.9(a). Congress then set up a specific (and limited) statutory review scheme to review such rulings—one that provides for "exclusive jurisdiction" in the Court of International Trade, but permits review only where pre-importation review is necessary to advert irreparable harm. 28 U.S.C. § 1581(h). Once again, review under the provisions of the APA would frustrate the apparent purpose (and plain language) of a review scheme that leverages the comparative expertise of a specialized agency and a specialized court. The Court should reject, as § 701(a)(1) requires, Plaintiff's attempt to circumvent the narrowly circumscribed review scheme Congress established.

     B.     *The APA claim must be dismissed because there are other adequate judicial remedies.*

Even if the Court does not believe Congress has intended to "preclude judicial review" within the meaning of § 701(a)(1), it should still dismiss the APA claim. Section 704 limits the universe of claims subject to "judicial review" under the APA to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see also Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 427-28 (6th Cir. 2016). As discussed below, ASHH does not challenge a "final" action that would support an

13

APA claim. But Plaintiff's APA claim fails for the additional reason that Congress has provided two alternative judicial remedies for ASHH to pursue.

"Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). Rather, by carving out circumstances where there is another adequate remedy, the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Id.* (citation omitted). The first relevant remedy is judicial review through an *in rem* forfeiture action, which Plaintiff may instigate by filing a claim under 19 U.S.C. § 1608.[7] Congress has established a specific mechanism for a party claiming an interest in seized property to obtain judicial review of CBP's seizure activities. As at least one district court has held expressly, "[t]his is an alternative judicial remedy" whose availability requires dismissal of APA claims challenging CBP seizures. *LKQ Corp. v. DHS*, 369 F. Supp. 3d 577, 586 (D. Del. 2019). Moreover, as that court noted, it is "of little moment" that the plaintiff "may not prefer the venue or process by which the judicial forfeiture proceedings would follow." *Id.* As the Sixth Circuit has explained, a remedy is "adequate" within the meaning of § 704—and thus precludes an APA claim—if the court would "be able to provide 'relief of the same genre' to the party seeking redress, but not necessarily 'relief identical to relief under the APA.'" *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) (quoting *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009)). The relief available in an *in rem* forfeiture proceeding includes dismissal of the forfeiture action, *see* Fed. R. Civ. P. Supp. R. G(8)(b); *see also, e.g.*, *United States v. Mask of Ka-Nefer-Nefer*, 2012 WL 1094658,

---

[7] Recall that CAFRA does not apply to Title 19 proceedings. 18 U.S.C. § 983(i)(2)(A).

at *4 (E.D. Mo. Mar. 31, 2012)—precisely the same substantive outcome ASHH seeks through its APA action, *see* Compl. ¶ 91.

Plaintiff also appears eager to obtain a judicial ruling that its products are exempt from the broad prohibition on importing drug paraphernalia. *See, e.g.*, Compl. ¶¶ 21-30. That contention is dubious for many reasons, not least that § 863(f)(1) applies to "any person" whereas seizure and forfeiture are *in rem* actions against property, *cf.* § 863(f)(2) (applying a different exclusion to "any item"). *See also United States v. Assorted Drug Paraphernalia Valued at $29,627.07*, 2018 WL 6630524 (D.N.M. Dec. 19, 2018) (rejecting the argument ASHH advances here). Regardless, the APA is not a proper mechanism for obtaining a prospective ruling on the status of particular goods. Instead, Plaintiff must use the statutory procedures that Congress established: a letter ruling issued by CBP at a sufficiently interested party's request, *see* 19 C.F.R. §§ 177.1(c), 177.9(a), followed by judicial review exclusively in the Court of International Trade, *see* 28 U.S.C. § 1581(h). This statutory mechanism for judicial review similarly provides an alternate adequate remedy that, under 5 U.S.C. § 704, bars Plaintiff's APA claim.

C.    *The APA claim must be dismissed because it does not challenge "final agency action."*

Still another restriction on actions under the APA precludes Plaintiff's claims here. A plaintiff ordinarily can challenge only "final" agency action (the few exceptions are not relevant here). Agency action is "final" within the meaning of § 704 only if it both marks "the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature" and also is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Jama*

15

*v. DHS*, 760 F.3d 490, 495–96 (6th Cir. 2014) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

The seizures that ASHH challenges are not "final agency action." There is a meaningful difference between a seizure and a forfeiture. "Under no reasonable interpretation of 'finality' can the seizure of goods, which sets off a codified procedure for forfeiture or petitions, be considered the 'consummation' of an 'agency's decisionmaking process.'" *LKQ Corp.*, 369 F. Supp. 3d at 588 (quoting *Ocean Cnty. Landfill Corp. v. EPA*, 631 F.3d 652, 655 (3d Cir. 2011)). A seizure occurs merely based on CBP's determination it has probable cause to seize merchandise imported contrary to law. A seizure thus *begins* a process—strictly defined by statute and regulation—that leads towards settlement, administrative or judicial forfeiture, or a return of the property. *Cf. FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 241 (1980) (initiation of enforcement action is not final agency action under the APA). Only those final outcomes represent the "consummation" of CBP's decision on how to dispose of the property, and only those final outcomes determine legal "rights or obligations." *LKQ Corp.*, 369 F. Supp. 3d at 588 (citation omitted). Indeed, the very purpose of the petition process that ASHH is already pursuing is to persuade the agency to take a certain course in making its final decision.

## III.   The Court should dismiss Plaintiff's Takings claim in Count VI.

### A.   *The Court of Federal Claims has exclusive jurisdiction over Plaintiff's Takings claim.*

"Federal district courts do not have subject matter jurisdiction to consider just-compensation claims for money damages in excess of $10,000 against the United States." *Brott v. United States*, 858 F.3d 425, 428 (6th Cir. 2017). Congress has enacted

two statutes governing jurisdiction over claims seeking "just compensation" for a taking. In the Tucker Act, Congress authorized suits seeking money damages and "founded . . . upon the Constitution" to be heard in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). The Little Tucker Act separately authorizes "concurrent" district court jurisdiction over the same type of claims "not exceeding $10,000 in amount." *Id.* § 1346(a)(2). District courts therefore lack jurisdiction to hear cases, like this one, that seek damages in excess of $10,000. *Brott*, 858 F.3d at 430.

ASHH does not specifically indicate the amount of damages it seeks. *See* Compl. Prayer for Relief ¶ B (seeking, without specificity, "appropriate damages resulting from such taking"). But the amount at issue plainly exceeds $10,000. The appraised value of the first shipment alone was nearly half a million dollars. *See* Compl. Ex. A at 1, PageID.24 ($467,372.00). The second shipment also approached that amount. *See* Compl. Ex. C at 1, PageID.55 ($465,426.00). The third shipment was appraised for another hundred thousand. Compl. Ex. D at 1, PageID.63 ($105,360.00). And the fourth shipment appraised at nearly one-and-a-half million dollars. *See* Peth Decl. Ex. 8 at 2 ($1,452,909.00). Whatever the specific amount of damages Plaintiff seeks, it plainly exceeds the limit on this Court's jurisdiction under the Little Tucker Act. The Court should therefore dismiss Plaintiff's Count VI for lack of jurisdiction.

B.     *Plaintiff's Takings claim is meritless in any event.*

Plaintiff seeks an award of compensation for seizure of its goods, but federal courts lack jurisdiction under the statutes providing damages for compensatory takings unless a plaintiff acknowledges that he is challenging a *lawful* action by the government, which is not the case here. *See* Compl. ¶¶ 94-95. As just explained, the only available

17

jurisdictional basis in this court for Plaintiff's claim for compensation is the Little Tucker Act, 28 U.S.C. § 1346(a), which Congress established parallel to the "concurrent [jurisdiction] with the United States Court of Federal Claims," *id.*, provided in the Tucker Act, 28 U.S.C. § 1491. The Little Tucker Act establishes jurisdiction on nearly-identical terms to the Tucker Act for monetary "claim[s] against the United States . . . founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department," except that Little Tucker Act claims are limited to $10,000. *Compare* 28 U.S.C. § 1346(a)(2) *with* § 1491; *see Brewer v. HUD*, 508 F. Supp. 72, 76 (S.D. Ohio 1980) (recognizing "identical" jurisdictional scope of two provisions). And it is well-established under the Tucker Act that "for the Court to possess jurisdiction over a takings claim, the 'claimant must concede the validity of the government action which is the basis of the taking claim.'" *Jackson v. United States*, 143 Fed. Cl. 242, 247 (2019) (quoting *Tabb Lakes v. United States*, 10 F.3d 796, 802-03 (Fed. Cir. 1993)). This limitation flows logically from the principle that a "takings claim may only be based on the Government's rightful exercise of its property, contract, or regulatory powers," *Perry v. United States*, 28 Fed. Cl. 82, 85 (1993). Because Plaintiff disputes the legality of the government action, it cannot pursue a takings claim.

And even if Plaintiff could maintain its Takings Clause claim in this Court, that claim would fail on the merits because the seizure of drug paraphernalia is an exercise of the police power that does not give rise to a "taking" that requires compensation. *See Ostipow v. Federspiel*, 824 F. App'x 336, 342 (6th Cir. 2020) ("[S]everal circuits have concluded that the use of police power to lawfully seize and retain property categorically bars a Takings Clause claim. . . . So too here."). So although the Takings Clause generally

"requires the payment of compensation whenever the government acquires private property for a public purpose," *Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321 (2002), the government's "seizure and retention of property under its police power does not constitute a 'public use,'" and therefore "the Fifth Amendment is not implicated." *United States v. Droganes*, 728 F.3d 580, 591 (6th Cir. 2013); *see also Price v. City of Junction*, 711 F.2d 582, 591 (5th Cir. 1983) ("It is clear that 'not every destruction or injury to property by governmental action has been held to be a "taking" in the constitutional sense'" (quoting *Armstrong v. United States*, 364 U.S. 40, 48 (1960))). These cases recognize long-established precedent holding that the scope of the Takings Clause excludes "[a] prohibition simply upon the use of property for purposes that are declared . . . to be injurious to the health, morals, or safety of the community." *Mugler v. Kansas*, 123 U.S. 623, 668 (1887); *see Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1027 (1992) (A "property owner necessarily expects the uses of his property to be restricted, from time to time, by various measures newly enacted by the State in legitimate exercise of its police powers."). This is particularly true as to "personal property, by reason of the State's traditionally high degree of control over commercial dealings," including where a "new regulation might even render . . . property economically worthless." *Lucas*, 505 U.S. at 1027-28.

Here, the seizure of drug paraphernalia that ASHH sought to illegally import is precisely such an exercise of the police power, "the lawful exercise of [which]" includes prohibitions on "private property . . . as contraband goods, a power, the exercise of which is essential to the preservation of order and the enforcement of the laws." *German All. Ins. Co. v. Barnes*, 189 F. 769, 775 (C.C.D. Kan. 1911), *aff'd sub. nom. German All. Ins.*

*Co. v. Lewis*, 233 U.S. 389 (1914); *see Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1332 (Fed. Cir. 2006) ("[T]he . . . exercise of the police power to condemn contraband or noxious goods . . . has not been regarded as a taking for public use."). As the Federal Circuit has explicitly recognized, the enforcement of customs laws constitutes an exercise of the police power, and thus a seizure under those laws does not give rise to a takings claim. For example, in *Acadia Technology, Inc. v. United States*, the court held that CBP's seizure, under import laws, of counterfeit computer parts "did not give rise to an actionable claim for a taking." 458 F.3d at 1332. The reason: because a "Customs seizure of goods suspected of bearing counterfeit marks is a classic example of the government's exercise of the police power to condemn contraband or noxious goods, an exercise that has not been regarded as a taking for public use for which compensation must be paid." *Id.* Here, the seizures similarly "do not give rise to an actionable claim for a taking" because CBP seized the offending goods under its authority to seize and forfeit goods when it is "unlawful" to "import" them. *See* 19 U.S.C. § 1595a(c)(2)(A); 21 U.S.C. § 863(a).

Plaintiff has failed to state a valid claim for relief under the Takings Clause.

## **CONCLUSION**

The Court should dismiss Plaintiff's Complaint.[8]

---

[8] Plaintiff has also made "declaratory relief" and "injunctive relief allegations," *see* Compl. ¶¶ 99-110, but has not asserted these as separate counts or claims. That is because declaratory and injunctive relief are remedies, not causes of action. Thus, any "claim" for declaratory or injunctive relief "is barred to the same extent that the claim for substantive relief on which it is based would be barred." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 948 (6th Cir. 2020) (quoting *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997)).

Dated: August 2, 2021                    Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Acting Assistant Attorney General

                                         BRIGHAM J. BOWEN
                                         Assistant Branch Director
                                         Federal Programs Branch

                                         /s/ Michael F. Knapp
                                         MICHAEL F. KNAPP
                                         (Cal. Bar No. 314104)
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street NW
                                         Washington, DC 20005
                                         Phone: (202) 514-2071
                                         Fax: (202) 616-8470
                                         Email: michael.f.knapp@usdoj.gov

                                         *Counsel for Defendants*