# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ASHH, INC.,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA,
U.S. CUSTOMS AND BORDER
PROTECTION, TROY A. MILLER, Senior
Official Performing the Duties of the
Commissioner of U.S. Customs and Border
Protection, SHAWN BISSONETTE,
U.S. Customs and Border Protection Fines,
Penalties and Forfeitures Officer, in his
official capacity, DeANN O'HARA, U.S.
Customs and Border Protection Fines,
Penalties and Forfeitures Officer, in her
official capacity, JOHN and/or JANE DOES
I-X, Unknown U.S. Customs and Border
Protection Agents, in their official capacities,

      Defendants.

Case No. 2:21-cv-11210-AJT-CI

Hon. Arthur J. Tarnow

Magistrate Judge: Curtis Ivy, Jr.

---

# PLAINTIFF'S RESPONSE IN OPPOSITION TO
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................. ii

ISSUES PRESENTED ...................................................................... vii

CONTROLLING AUTHORITY ....................................................... viii

I.     INTRODUCTION ...................................................................1

II.    BACKGROUND ....................................................................2

III.   STANDARDS OF REVIEW ...................................................3

    A.    Standards Relating to Fed. R. Civ. P. 12(b)(1) ...................................3

    B.    Standards Relating to Fed. R. Civ. P. 12(b)(3) ...................................4

    C.    Standards Relating to Fed. R. Civ. P. 12(b)(6) ...................................4

IV.   ARGUMENT........................................................................5

    A.    Federal Law Mandates Release of Plaintiff's Goods. ...........................5

    B.    Plaintiff's 41(g) Claims Are Proper ...................................................6

        1.    This Court Has Jurisdiction Over Plaintiff's 41(g) Claims ........6

        2.    Dismissal of Count I Is Inappropriate.......................................9

    C.    The Court Should Deny Defendants' Motion to Dismiss Count V ....10

        1.    Jurisdiction of APA Claims in this Court is Proper .................10

        2.    Plaintiff Has Stated a Proper APA Claim Where No Other Judicial Remedies Exist .................................................16

        3.    Plaintiff's APA Claims Properly Challenge Agency Action...................................................................................20

    D.    Defendants' Motion to Dismiss Count VI Should be Denied ...........23

V.    CONCLUSION ........................................................................24

# INDEX OF AUTHORITIES

## Cases

*Abbott Laboratories v. Gardner,*
    387 U.S. 136 (1967) ...............................................................................18, 21

*Central Transport Inc. v. Four Phase Systems, Inc.,*
    936 F.2d 256 (6th Cir. 1991) ................................................................10

*Aerolineas Argentinas v. United States,*
    77 F.2d 1564 (Fed. Cir. 1996).................................................................23

*Askew v. Metro. Prop. & Cas. Ins. Co.,*
    217 F. Supp. 3d 982 (E.D. Mich. 2016) .............................................10

*Audi AG & Volkswagen of America, Inc. v. Izumi,*
    204 F. Supp. 2d 1014 (2002) ...................................................................4

*Bassett v. Nat'l Collegiate Athletic Ass'n,*
    528 F.3d 426 (6th Cir. 2008) ...................................................................4

*Bennett v. Spear,*
    520 U.S. 154 (1997) ...............................................................................21

*Block v. Cmty. Nutrition Inst.,*
    467 U.S. 340 (1984) ...............................................................................12

*Bowen v. Mich. Acad. of Family Physicians,*
    476 U.S. 667 (1986) ............................................................. 10, 12, 17, 18

*Cent. Transp., Inc. v. Theurer, Inc.,*
    430 F. Supp. 1076 (E.D. Mich. 1977) ..................................................9

*Darby v. Cisneros,*
    509 U.S. 137 (1993) .........................................................................16, 17

*Delta Engineering v. United States,*
    41 F.3d 259 (6th Cir. 1994) ....................................................................6

*Dusenbery v. United States,*
    534 U.S. 161 (2002) ...............................................................................11

*Floyd v. United States,*
    860 F.2d 999 (10th Cir. 1988) ..............................................................19

*Franklin Fed. Sav. Bank v. Dir., Office of Thrift Supervision,*
    927 F.2d 1332 (6th Cir. 1991) ..............................................................22

ClarkHill\66299\425039\263912633.v1

*Griswold v Potter*,
   2003 WL 23941714 (W.D. Mich., Oct. 15, 2003)..............................................24

*Hunsucker v. Phinney*,
   497 F.2d 29 (5th Cir. 1974) ........................................................................ 7

*In re Sixty Seven Thousand Four Hundred Seventy Dollars*,
   901 F.2d 1540 (11th Cir. 1990) ........................................................................19

*Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*,
   451 F. Supp. 3d 769 (E.D. Mich. 2020) ........................................................ 9

*Jackson v. U.S.*,
   526, F.3d 394 (8th Cir. 2008) ........................................................................ 7

*Jones v. City of Cincinnati*,
   521 F.3d 555 (6th Cir. 2008) ........................................................................ 5

*Koenig Sporting Goods, Inc.*,
   203 F.3d 986 (6th Cir. 2000) ........................................................................14

*Leistiko v. Stone*,
   134 F.3d 817 (6th Cir. 1998) ........................................................................20

*LKQ Corp. v. DHS,*
   760 F.3d 490 (6th Cir. 2019) ........................................................................22

*Mercedes Benz of St. Clair Shores v. DEA*,
   2019 WL 6877889 (E.D. Mich., Dec. 17, 2019) ............................................ 9

*Moore v. Lafayette Life Ins. Co.*,
   458 F.3d 416 (6th Cir. 2006) ........................................................................ 4

*Nadeau v. Nye*,
   934 F. Supp. 2d 932 (2013) ........................................................................ 4

*Natick Paperboard Corp. v. Weinberger*,
   498 F.2d 125 (1st Cir. 1974)........................................................................22

*NLRB v. Master Slack and/or Master Trousers*,
   773 F.2d 77 (6th Cir. 1985) ........................................................................10

*Premo Pharmaceutical Lab., Inc. v. United States*,
   629 F.2d 795 (2d Cir. 1980) ........................................................................22

*Savoy v. United States*,
   604 F.3d 929 (6th Cir. 2010) ........................................................................ 7

*Sebelius v. Cloer*,
   569 U.S. 369 (2013) ........................................................................14

iii

*Shaughnessy v. Pedreiro*,
   349 U.S. 48 (1955) ......................................................................18

*Shaw v. United States*,
   891 F.2d 602 (6th Cir. 1989) ....................................................8, 9

*Shearson v. Holder*,
   725 F.3d 588 (6th Cir. 2013) .................................................16, 19

*Thomas v. United States*,
   2017 WL 5957770 (E.D. Tenn., Mar. 29, 2017) .......................... 4

*U.S. Currency v. United States*,
   307 F. Supp. 2d 922 (N.D. Ohio 2004) ....................................... 8

*United States v. Clymore*,
   245 F.3d 1195 (10th Cir. 2001) .................................................. 7

*United States v. Minor*,
   228 F.3d 352 (4th Cir. 2000) ....................................................11

*United States v. Search of Music City Mktg., Inc.*,
   212 F.3d 920 (6th Cir. 2000) ..................................................6, 7

*United States v. Woodall*,
   12 F.3d 791 (8th Cir. 1993) ......................................................11

*Util. Air Regulatory Grp. v. EPA*,
   573 U.S. 302 (2014) ..................................................................15

*Weyerhaeuser Co. v. United States Fish & Wildlife Serv.*,
   —— U.S. ——, 139 S. Ct. 361 (2018) ......................................11

*White Fabricating Co. v. United States*,
   903 F.2d 404 (6th Cir. 1990) ..................................................... 6

*Wiren v. Eide*,
   542 F.2d 757 (9th Cir. 1976) ...............................................19, 20

*Yuba Goldfields, Inc. v. U.S.*,
   723 F.2d 884 (Fed. Cir. 1983).....................................................23

## Statutes

19 C.F.R. § 161.5 ...........................................................................17
19 C.F.R. § 171.31 .........................................................................17
19 C.F.R. § 177.9(a) ................................................................12, 15
19 C.F.R. §§ 177.1(a)(1) .........................................................12, 15
5 U.S.C. § 551(13) ..............................................................13, 16, 21

iv

5 U.S.C. § 701(a)(1) ...........................................................................11
5 U.S.C. § 702 ....................................................................................11
5 U.S.C. § 704 ..................................................... 13, 16, 17, 18, 20, 21
5 U.S.C. 551(10)(D) ............................................................. 13, 16, 21
6 U.S.C. § 211 ...................................................................................14
19 U.S.C. § 1595a(c)(2)(A) ..............................................................22
19 U.S.C. § 1617 ...............................................................................17
19 U.S.C. § 1621 ...............................................................................14
19 U.S.C. §1608..................................................................9, 12, 15, 18
19 U.S.C. §1618..................................................................... 9, 12, 18
21 U.S.C. § 801 ...............................................................................1, 5
21 U.S.C. § 802(16) ............................................................................ 2
21 U.S.C. § 863 ........................................................ 1, 2, 5, 6, 13, 21, 22
21 U.S.C. § 863(a)(3)........................................................................5, 22
21 U.S.C. § 863(d) ..........................................................................5, 22
21 U.S.C. § 863(f)...........................................................................1, 5, 6, 21
28 U.S.C. § 1356 ...................................................... 6, 13, 15, 16, 21
28 U.S.C. § 1404(a) .......................................................................... 9
28 U.S.C. § 1581(h) ....................................................................12, 15
MCL § 333.26424(i) .......................................................................... 2
MCL § 333.27952 ............................................................................. 6
MCL § 333.27953(f) .......................................................................... 2
MCL § 333.27955 ............................................................................. 6
MCL § 333.27955(2) .......................................................................... 2

## Other Authorities

*Drug Enforcement Administration's Schedule of Controlled Substances.*
   *Pub. L. 115-334* ........................................................................... 2
*Taking or Damaging by Police Power: The Search for Inverse Condemnation
   Criteria*, 44 S.C. L. Rev. 1, 2 (1970) ...........................................24
UNITED STATES DEPT. OF JUSTICE, *Exhaustion of Administrative Remedies,*
   Civil Resource Manual Ch. 34.......................................................16

## Rules

Fed. R. Civ. P. 12(b)(1)....................................................................3, 4
Fed. R. Civ. P. 12(b)(3)..................................................................... i, 4
Fed. R. Civ. P. 12(b)(6).......................................................................4
FED. R. CIV. P. 8(a)(3).......................................................................23
FED. R. CIV. P. SUPP. R. G(5)(a)(i).............................................12, 15
Fed. R. Crim. P. 41(e).....................................................................6, 8
Fed. R. Crim. P. 41(g)..................................................................6, 7, 9

v

## ISSUES PRESENTED

1.  Whether the Court should deny Defendants' Motion where (i) Defendants improperly assume their seizures were lawful; (ii) the subject goods are not "Drug Paraphernalia" under 21 U.S.C. § 863; and (iii) even if the goods were Drug Paraphernalia, they are exempt from seizure pursuant to 21 U.S.C. § 863(f) since Michigan law expressly exempts Drug Paraphernalia from seizure.

2.  Whether the Court has equitable jurisdiction over Plaintiff's 41(g) claims where no forfeiture has occurred and, without equitable relief, Plaintiff's petition will remain in administrative purgatory.

3.  Whether venue is proper over Count I of Plaintiff's Complaint where the goods were bound for Michigan and judicial economy is best served by not severing this claim from Plaintiff's other claims.

4.  Whether this Court has jurisdiction to hear Plaintiff's claims under the Administrative Procedure Act ("APA") where (i) the plain and unambiguous language of the APA provides for judicial review; (ii) Defendants fail to cite any regulatory or statutory citation that requires an administrative appeal or otherwise exhaust administrative remedies; (iii) it would be futile to require Plaintiff to avail itself of Defendant's administrative processes; and (iv) Plaintiff has no other adequate judicial remedy.

5.  Whether this Court has jurisdiction over Plaintiff's taking claim (Count VI) where the Tucker Act provides jurisdiction to recover against an agency when an agency misinterprets or misapplies a statute or regulation.

ClarkHill\66299\425039\263912633.v1

## CONTROLLING AUTHORITY

*Aerolineas Argentinas v. United States*,
77 F.2d 1564 (Fed. Cir. 1996)

*Bowen v. Mich. Acad. of Family Physicians,*
476 U.S. 667 (1986)

*Darby v. Cisneros,*
509 U.S. 137 (1993)

*Wiren v. Eide,*
542 F.2d 757 (9th Cir. 1976)

**Statutes**

5 U.S.C. § 701(a)(1)
5 U.S.C. § 702
5 U.S.C. § 704
19 U.S.C. § 1595a(c)(2)(A)
21 U.S.C. § 802(16)
21 U.S.C. § 863
28 U.S.C. § 1356

**Rules**
Fed. R. Crim P. 41(g)

ClarkHill\66299\425039\263912633.v1

## I.    INTRODUCTION

This is a straightforward case involving the unlawful seizures of Plaintiff's goods. Rather than address the merits of Plaintiff's Complaint, Defendants' Motion asks the Court to presume the seizures were lawful; and conclude that Plaintiff cannot seek redress with this Court on a misinterpretation of 21 U.S.C. § 863. Among other fatal flaws, the Motion is predicated on a reading of 21 U.S.C. § 863 and a resulting definition of "Drug Paraphernalia" that ignores both the Agriculture Improvement Act of 2018 (the "2018 Farm Bill") and Michigan law. More specifically, under the 2018 Farm Bill, hemp derived products with a delta-9 tetrahydrocannabinol ("THC") concentration of not more than 0.3 percent on a dry weight basis no longer fall within the definition of "marihuana" in the Controlled Substance Act. *See* 21 U.S.C. § 801 *et. seq.* As a result, products designed for use to ingest or inhale permitted hemp products also fall outside the definition of Drug Paraphernalia. Because Plaintiff's goods can be used to ingest or inhale permitted hemp products, they are not "Drug Paraphernalia." Even if the at-issue property was Drug Paraphernalia (it is not), 21 U.S.C. § 863(f) exempts from seizure Drug Paraphernalia that can be manufactured, possessed, and/or distributed under local or state law. Here, Michigan's Medical Marihuana Act ("MMMA") and Regulation and Taxation of Marihuana Act ("MRTMA") specifically exempt "Drug

Paraphernalia" from seizure under Michigan law.[1] For these independent reasons (and the others discussed below), the Motion should be denied.

## II.     BACKGROUND

The 2018 Farm Bill removed hemp and hemp seeds from the Drug Enforcement Administration's schedule of Controlled Substances. Pub. L. 115-334. In fact, Section 12619 specifically excluded hemp from the definition of marihuana found in 21 U.S.C. § 802(16). Consequently, products and equipment primarily intended or designed for use to ingest or inhale CBD and hemp products no longer fall within the definition of drug paraphernalia.[2]

Plaintiff makes and distributes ancillary products and accessories for the CBD and hemp markets, including vaporizers, rolling papers, and packing supplies. [ECF No. 1, PageID. 2, ¶2].  On or about January 30, 2020, CBP notified Plaintiff that it seized Plaintiff's property at International Falls, Minnesota.  [ECF No. 1-1, PageID. 24].  If not for the seizure of the shipment in Minnesota, the subject container would have been transported under bond to the Port of Detroit, Michigan for release to

---

[1] *See* MCL § 333.26424(i)(exempting "marihuana paraphernalia" from seizure and/or forfeiture); MCL § 333.27955(2)(exempting "marihuana accessories" from seizure and/or forfeiture); MCL § 333.27953(f) (defining "marihuana accessories")

[2] "Drug paraphernalia" is defined in 21 U.S.C. § 863(d) to mean "any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body **a controlled substance**, possession of which is unlawful under this subchapter. It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, hashish oil, PCP, methamphetamine, or amphetamines into the human body[.]" (emphasis added).

2

Plaintiff. [ECF No. 1, PageID. 8, ¶34].  By letter dated March 31, 2020, Plaintiff filed a petition against the seizure stating that the products were not drug paraphernalia, and even if they were, they are exempt from seizure under federal law; therefore, the seizure should be cancelled and the goods released.  [ECF No. 1, PageID. 31-52].  Defendants treated this response as request for an administrative petition.  Despite Plaintiff's timely election, the petition still remains outstanding. After this seizure, Defendants made the following seizures[3]: (1) on or about May 10, 2021 at a Federal Inspection Service area located in Romulus, Michigan, on April 13, 2021. [ECF No. 1-3, PageID. 54-60]; (2) on or about May 17, 2021, at Detroit Airport on May 6, 2021. [ECF No. 1-3, PageID. 62-67]; and (3) on or about May 10, 2021 at a Federal Inspection Service area located in Romulus, Michigan, on April 13, 2021.   Each of these seizures were improper as the products were not Drug Paraphernalia, and even if they were, they are exempt from seizure under federal law.  Therefore, the seizures should be cancelled and the goods released. Without this Court's intervention, Defendants will continue to improperly seize Plaintiff's goods and ultimately, wrongfully seek their forfeiture.

## III.    STANDARDS OF REVIEW

### A. Standards Relating to FED. R. CIV. P. 12(b)(1).

---

[3] Even as recently as 8/25/2021, Defendants continue to seize Plaintiff's shipments.  **Exhibit A.**

A Rule 12(b)(1) motion simply questions the sufficiency of the pleading. *Thomas v. United States*, 2017 WL 5957770, at *2 (E.D. Tenn., Mar. 29, 2017). **Exhibit B.** If the complaint competently alleges facts, which if true, would establish a ground for subject matter jurisdiction, the court must accept those facts, end its inquiry, and deny the motion. *Id.* (citations omitted). As here, if "an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Nadeau v. Nye*, 934 F. Supp. 2d 932, 936 (2013), (citation omitted), citing *also Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416, 443–44 (6th Cir. 2006).

### B. Standards Relating to FED. R. CIV. P. 12(b)(3).

On a 12(b)(3) motion, the Court must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (2002) (citations omitted). The Court has discretion to transfer the matter to an appropriate venue. *See* 28 U.S.C. § 1406.

### C. Standards Relating to FED. R. CIV. P. 12(b)(6).

Under FED. R. CIV. P. 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation

4

omitted). Review is confined to the pleadings. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

## IV.    ARGUMENT

### A. Federal Law Mandates Release of Plaintiff's Goods.

Here, each seizure is predicated on the import of "Drug Paraphernalia" under 21 U.S.C. § 863(d). Yet pursuant to 21 U.S.C. § 863(f), that section "shall not apply to (1) any person authorized by local, State, or Federal law to manufacture, possess, or distribute such items."[4] *See also* Customs Headquarters Ruling H169675: 21 U.S.C. § 863; alleged Drug Paraphernalia; Volcano Vaporizer (U.S. Customs and Border Protection) (Sept. 15, 2011) (holding that "[t]he subject vaporizers are not considered 'drug paraphernalia' within the meaning of 21 U.S.C. § 863(d), and are therefore not prohibited from importation into the United States."). **Exhibit C.**

Hemp derived products with a delta-9 THC of not more than 0.3 percent on a dry weight basis no longer fall within the definition of marihuana in the Controlled Substance Act. *See* 21 U.S.C. § 801 *et. seq.* Likewise, products and equipment

---

[4] While Defendants point out that Plaintiff's contention in this regard is "dubious for many reasons, not least that 863(f)(1) applies to 'any person' whereas seizure and forfeiture are in rem actions against property," ECF No. 14, PageID.132, Defendants neglect to mention that the provision under which CBP seized Plaintiff's property uses the exact same phrasing. *See* 21 U.S.C. § 863(a)(3) (providing that "[i]t is unlawful for any person—(3) to import or sell drug paraphernalia.") (emphasis added). Regardless, Defendants' argument distracts from the real issue—the present case is not an *in rem* action and seeks declaratory relief that Defendants misapplied 21 U.S.C. § 863(a)(3) and other statutes.

5

primarily intended or designed for use to ingest or inhale CBD and hemp products no longer fall within the definition of Drug Paraphernalia. *See* 21 U.S.C. § 863(f). And even if the products were Drug Paraphernalia, the MMMA and MRTMA legalize the importation of the seized goods. *Compare* MCL § 333.27952; MCL § 333.27955, *with* 21 U.S.C. § 863(f). As Plaintiff's goods are not Drug Paraphernalia under § 863, CBP has no lawful basis for continued detention. *Id.*

**B. Plaintiff's 41(g) Claims Are Proper.**

**1. *This Court Has Jurisdiction Over Plaintiff's 41(g) Claims.***

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States." 28 U.S.C. § 1356. FED. R. CRIM. P. 41(g) further authorizes a person whose property is seized to petition the district court for its return.  In the absence of criminal proceedings, "it is well established in this circuit that courts have jurisdiction to hear Rule 41(e)[5] motions[.]" *Delta Engineering v. United States*, 41 F.3d 259, 262 n. 2 (6th Cir. 1994); *see also United States v. Search of Music City Mktg., Inc.*, 212 F.3d 920, 923 (6th Cir. 2000) ("Music City's Rule 41(e) motion for the return of its property was really in the nature of a civil proceeding invoking the court's equitable powers . . . ."); *White Fabricating Co. v. United States*, 903 F.2d 404, 407–08 (6th Cir. 1990) (holding that a district court has jurisdiction to entertain a Rule 41(e) motion for the

---

[5] 41(e) was later changed to 41(g).

return of property before a criminal prosecution has commenced).  As noted by the Sixth Circuit, "[w]e have held that Rule 41(g) clearly contemplates a hearing on any issue of fact necessary to the decision of the motion." *Savoy v. United States*, 604 F.3d 929, 933 (6th Cir. 2010) (internal citations omitted); *see also Jackson v. U.S.*, 526, F.3d 394, 396 (8th Cir. 2008).  Such questions of fact may include questions of state law in their application. *See Savoy*, 604 F.3d at 938–39 ("Only after the district court makes findings of fact . . . may the court determine whether [plaintiff] is or is not entitled to lawfully possess each [seized] videotape for purposes of his Rule 41(g) motion for return of property."); *Hunsucker v. Phinney,* 497 F.2d 29, 32 (5th Cir. 1974) ("The theory articulated by most of the cases is that jurisdiction to order suppression or return prior to the indictment exists not by virtue of any statute but rather derives from the inherent authority of the court over those who are its officers."). Thus, the question then turns to this Court's equitable authority, absence the exercise of which Plaintiff will be irreparably harmed and without adequate remedy.

In bringing a Rule 41(g) motion, the movant must establish lawful entitlement to the property. *See United States v. Clymore,* 245 F.3d 1195, 1201 (10th Cir. 2001) (per curiam). Moreover, the movant "must show that he will suffer irreparable harm and that there is no adequate remedy at law." *Music City Mktg., Inc.*, 212 F.3d at 923 (6th Cir. 2000) (affirming a district court's decision to exercise its equitable

7

jurisdiction to hear a Rule 41(e) motion).  Here, there is no adequate remedy at law, and Plaintiff will suffer irreparable harm in the absence of this Court's decision to the contrary. While Defendants argue that "after the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41[g], but instead must submit to the statutory procedures governing civil forfeiture proceedings", Defendants fail to mention that forfeiture proceedings have not yet begun in this case. *See, e.g.*, ECF No.14, PageID.124–26.  Indeed, upon the filing of an administrative petition, forfeiture proceedings will be stopped.  **Exhibit D.** Because Defendants have not instituted forfeiture actions against Plaintiff's goods, a Rule 41(g) motion is proper. *$8,050.00 in U.S. Currency v. United States*, 307 F. Supp. 2d 922, 926 (N.D. Ohio 2004) ("In the instant case, Alston filed his Rule 41(e) Motion prior to receiving notice that the DEA was instituting an administrative forfeiture proceeding as to the seized property. Because no administrative forfeiture proceeding was pending at that time, the filing of that Motion was entirely proper."); *see also Shaw v. United States*, 891 F.2d 602 (6th Cir. 1989) (permitting Rule 41(g) claim until government's institution of civil forfeiture proceedings).

While Defendants posit that forfeiture action bars a 41(g) claim,[6] there is no forfeiture action providing Plaintiff another remedy at law. Without such redress here, Plaintiff would remain in administrative purgatory— an absurdity.

## 2. *Dismissal of Count I Is Inappropriate.*

*If* the Court deems venue improper, the proper remedy is transfer, not dismissal. *Cent. Transp., Inc. v. Theurer, Inc.*, 430 F. Supp. 1076, 1079 (E.D. Mich. 1977). Such determination is squarely within the Court's discretion. *See* 28 U.S.C. § 1404(a). In exercising the Court's "wide discretion" to transfer venue, the Court must weigh several factors: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of processes to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*, 451 F. Supp. 3d 769, 795 (E.D. Mich. 2020).

---

[6] Each of the cases cited by Defendants requires an actual, civil forfeiture action filed by the government and is therefore, distinguishable. *See, e.g.*, *Shaw v. U.S.*, 891 F.2d 602, 603 (6th Cir. 1989) ("*Once the government initiated civil proceedings against her*, she was required to follow the statutory procedures set out in 19 U.S.C. §§ 1608 and 1618.) (emphasis added); *Mercedes Benz of St. Clair Shores v. DEA*, 2019 WL 6877889, at *3 (E.D. Mich., Dec. 17, 2019) (citing the Civil Asset Forfeiture Relief Act, which Defendants argue does not apply here at ECF No. 14, PageID.119 n.2 and PageID.131 n.7) (citing *Shaw*, generally, and *Brown*, 692 F.3d at 552–53).

Plaintiff challenges the seizure of the same goods under the same regulatory scheme and the goods seized in Minnesota were destined for Michigan. [ECF No. 1, ¶34]. The issues are virtually identical. Even if the Court were to bifurcate the counts into two separate suits, the outcome of one case would collaterally estop the other. *See, e.g.*, *NLRB v. Master Slack and/or Master Trousers*, 773 F.2d 77, 81 (6th Cir. 1985); *accord Central Transport Inc. v. Four Phase Systems, Inc.*, 936 F.2d 256 (6th Cir. 1991). Accordingly, judicial economy is best served by hearing this case in one venue. *See Askew v. Metro. Prop. & Cas. Ins. Co.*, 217 F. Supp. 3d 982, 985 (E.D. Mich. 2016) (stating that where "the object of the litigation is one and the same . . . it would be inefficient and contrary to principles of judicial economy to litigate these causes of action in different venues."). Therefore, judicial economy and efficiency dictate hearing both of these issues in the same court. Nonetheless, to the extent that the Court determines a transfer of venue to be appropriate for Count I, this Court should bifurcate the claims and then transfer venue to Minnesota.

## C. The Court Should Deny Defendants' Motion to Dismiss Count V.

### 1. *Jurisdiction of APA Claims in this Court is Proper.*

There exists a "strong presumption that Congress intends judicial review of administrative action." *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986). In fact, federal courts have jurisdiction to review whether administrative forfeitures satisfy statutory and due process requirements. *See United States v.*

*Woodall*, 12 F.3d 791, 793 (8th Cir. 1993) (finding jurisdiction under equitable principles), *abrogated on other grounds by Dusenbery v. United States*, 534 U.S. 161, (2002); *United States v. Minor*, 228 F.3d 352, 357 (4th Cir. 2000) (finding jurisdiction to consider the plaintiff's "constitutionally-derived equitable challenge to the administrative forfeiture of the currency under the provisions for general federal question jurisdiction"). The presumption may be rebutted only if the relevant statute precludes review under 5 U.S.C. § 701(a)(1), or if the action is "committed to agency discretion by law" under § 701(a)(2). *Weyerhaeuser Co. v. United States Fish & Wildlife Serv.*, ⸺ U.S. ⸺, 139 S. Ct. 361, 370 (2018). The exception in Section 701(a)(2) is read "quite narrowly, restricting it to 'those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Id.*

By its plain language, Chapter 7 of the Administrative Procedures Act (APA) applies "except to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1). Where neither of these conditions are present, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Moreover, "[a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted

11

or failed to act . . . under color of legal authority *shall not be dismissed nor relief therein be denied on the ground that it is against the United States* or that the United States is an indispensable party." *Id.* (emphasis added). Consequently, "[t]he United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States." *Id.*; *see also Bowen v. Mass.*, 487 U.S. 879, 892–93 (same) (stating that, "insofar as the complaints sought declaratory and injunctive relief, they were certainly not actions for money damages.").

"Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved. *See, e.g.*, *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984) (stating "[i]t is clear that Congress did not intend to strip the judiciary of all authority to review" where the underlying Congressional statute "contained no provision relating to the administrative or judicial review."). However, Defendants plainly read text into the statute that does not exist. While Defendants point to various legislative schemes that supposedly indicate Congressional intent to preclude judicial review of CBP action, Defendants point to no express, statutory language indicating the same. *Compare* [ECF No.14, PageID. 128–30], *with supra* n. 2; *see also* 19 U.S.C. §§ 1608, 1618; FED. R. CIV. P. SUPP. R. G(5)(a)(i); 19 C.F.R. §§ 177.1(a)(1), 177.9(a); 28 U.S.C. § 1581(h).

12

While Defendants infer preclusion of judicial review from "statutory schemes," express statutory language dictates the exact opposite. Quite simply, "*[a]gency action made reviewable by statute and* final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704 (emphasis added). Importantly, under the APA, "'agency action' includes the whole or a part of an agency . . . sanction."[7] 5 U.S.C. § 551(13). As further provided by 28 U.S.C. § 1356, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title."[8] Accordingly, pursuant to 5 U.S.C. § 704, the CBP seizure is an "agency action made reviewable by statute" and is therefore "subject to judicial review."

If Congress truly intended CBP seizures to be precluded from judicial review, it would have provided as much in the very statutes upon which CBP based its seizure. *See* 19 U.S.C. § 1595a(c)(2)(A); 21 U.S.C. § 863. Yet even the statute providing for "Limitation of actions" on challenges to § 1595a provides no such

---

[7] As defined by 5 U.S.C. 551(10)(D), "sanction" includes a seizure of property.

[8] As set forth by § 1582(h) and Defendants, the Court of International Trade "shall have exclusive jurisdiction of any civil action commenced to review, *prior to the importation of the goods involved*, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling." (emphasis added). Accordingly, the CIT only has jurisdiction where challenging a Secretary of Treasury ruling prior to importation. Here, the goods have already been imported and seized, and therefore the CIT retains no exclusive jurisdiction over this case.

13

limitation. *See* 19 U.S.C. § 1621. Such express language is not present and holding otherwise requires a revisionist view of Congress's plain and unambiguous, statutory language.

Regardless, it is telling that Defendants neglect the statutory objectives and "nature of administrative action involved" in the CBP's actions. Importantly, the object of any CBP seizure is to preclude entrance of illegal merchandise into the United States and otherwise permit the flow of legitimate trade. *See* 6 U.S.C. § 211.[9] In the present case, there has plainly been no entrance of illegal merchandise into the United States. Likewise, the nature of the administrative action at issue is not inconsequential: over a year after seizing millions of dollars of legal Plaintiff inventory, CBP has yet to institute forfeiture action against the property or take any other action. Meanwhile, Defendants defended their position by stating that Plaintiff's exclusive recourse is through CBP petition and review.

Rather than discussing the clearest evidence of Congressional intent— express, statutory language[10]—Defendants point to two legislative "schemes," both

---

[9] U.S. Customs and Border Protection shall "ensure the interdiction of persons and goods illegally entering or exiting the United States" and facilitate and expedite the flow of legitimate travelers and trade." 6 U.S.C. § 211(c)(2)–(3).

[10] *See, e.g., Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) ("As in any statutory construction case, [w]e start, of course, with the statutory text, and proceed from the understanding that unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.") (internal citations and quotations omitted); In re *Koenig Sporting Goods, Inc.*, 203 F.3d 986, 988 (6th Cir. 2000) ("Our interpretation of legislative acts is limited, for if the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive. When a statute is unambiguous, resort to

of which stand in contrast to 28 U.S.C. § 1356, and neither of which explicitly state that judicial review is precluded or that that "agency action is committed to agency discretion by law": *first*, *in rem* actions under 19 U.S.C. §§ 1608, 1618 and FED. R. CIV. P. SUPP. R. G(5)(a)(i); and *second*, federal regulations under 19 C.F.R. §§ 177.1(a)(1), 177.9(a) and Court of International Trade ("CIT") jurisdiction for pre-importation review under 28 U.S.C. § 1581(h). *See* [ECF No.14, PageID.130].

"The power of executing the laws . . . does not include a power to revise clear statutory terms that turn out not to work in practice," and it is thus a "core administrative-law principle that an agency may not rewrite clear statutory terms to suit its own sense of how the statute should operate." *Util. Air Regulatory Grp. v. EPA*, 573 U.S. 302, 328 (2014). While 19 U.S.C. §§ 1608, 1618 and FED. R. CIV. P. G(5)(a)(i) provide mechanisms for *in rem* actions, Defendants have instituted no such *in rem* forfeiture action before the filing of this complaint. Plain, statutory language aside, Defendants' reasoning in this regard is a worthy Catch-22: Plaintiff must pursue its action as an interested party *in rem*—but there is no *in rem* action, and only Defendants can institute an *in rem* action. To this end, Plaintiff is without

---

legislative history and policy considerations is improper. Departure from the language of the legislature and resort to judicially created rules of statutory construction is appropriate *only in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters* . . . or when the statutory language is ambiguous.") (emphasis added) (internal citations and quotations omitted).

any viable recourse except to seek relief from this Court. Accordingly, jurisdiction is proper and Defendant's motion to dismiss Count V should be denied.

### 2. *Plaintiff Has Stated a Proper APA Claim Where No Other Judicial Remedies Exist.*

Under the APA, 5 U.S.C. § 704, a person aggrieved by an agency action[11] can seek judicial review of the action without exhausting an available administrative appeal, unless the agency's regulations provide both (1) that the administrative appeal must be taken, and (2) that during the pendency of the administrative appeal the agency action shall be inoperative.[12] *See Darby v. Cisneros*, 509 U.S. 137 (1993); *see also* UNITED STATES DEPT. OF JUSTICE, *Exhaustion of Administrative Remedies*, Civil Resource Manual Ch. 34, also available at https://www.justice.gov/jm/civil-resource-manual-34-exhaustion-administrative-remedies. Further, "[u]nder *Darby v. Cisneros*, a court cannot require exhaustion if, under the APA, the agency action is considered final and the neither the statute nor agency rule requires exhaustion." *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013) (internal citations omitted).

---

[11] "'[A]gency action' includes the whole or a part of an agency . . . sanction." 5 U.S.C. § 551(13). As defined by 5 U.S.C. 551(10)(D), "sanction" includes a seizure of property.

[12] While Defendants contend that "Section 704 limits the universe of claims subject to 'judicial review' under the APA to 'final agency action'", this contention contradicts 5 U.S.C. § 704, which provides that *"[a]gency action made reviewable by statute* and final agency action for which there is no other adequate remedy in a court are subject to judicial review." (emphasis added). Among other reasons, as discussed below, 28 U.S.C. § 1356 expressly makes CBP seizures reviewable by statute.

ClarkHill\66299\425039\263912633.v1

Defendants cite no CBP regulation that *requires* administrative appeal. In fact, even CBP's own seizure notice (and Defendants' briefing), both highlight this reality. *See* **Exhibit D**, (stating that after seizure of an article by the United States Customs Service, a claimant has essentially two options. He may pursue an administrative remedy . . . or he may challenge the seizure in a judicial forfeiture action.); *see also* [ECF No.14, PageID.120] ("Three additional options are available to a party: First, the party may make an offer of compromise to the CBP—in essence, a settlement offer. Second, a party may affirmatively abandon the property or, third . . . simply take no action at all.") (citing 19 U.S.C. § 1617; 19 C.F.R. §§ 161.5, 171.31)); *see also Darby*, 509 U.S. at 146–47 ("it would be inconsistent with the plain language of [§ 704] for courts to require litigants to exhaust optional appeals as well."). Similarly, none of the statutes or regulations cited by Defendants require agency action to be inoperative during the pendency of appeal. *See, e.g.*, 19 U.S.C. §§ 1607–1608, 1617; 19 C.F.R. §§ 161.5, 162.45, 162.47, 161.5, 171.31, 171.1, 171.2, 171.31, 171.11–.12, 171.61, 171.9).

Regardless, Defendants argue that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *See* [ECF No.14, PageID.131] (citing *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988. The *Bowen* Court, however, noted "[t]he exception [in § 704] that was intended to avoid such duplication should not be construed to defeat the central

ClarkHill\66299\425039\263912633.v1

purpose of providing a broad spectrum of judicial review of agency action." *Id.*

Indeed, "[a] restrictive interpretation of § 704 would unquestionably, in the words

of Justice Black, 'run counter to § 10 and § 12 of the Administrative Procedure Act."

*Id.* at 904. Accordingly, the purpose of APA §§ 10, 12 "was to remove obstacles to

judicial review of agency action under subsequently enacted statutes . . . ." *Id.* at 904

(citing *Shaughnessy v. Pedreiro,* 349 U.S. 48, 51 (1955)). Additionally,

> The Administrative Procedure Act provides specifically not only for
> review of '[a]gency action made reviewable by statute' but also for
> review of 'final agency action for which there is no other adequate
> remedy in a court,' 5 U.S.C. § 704. The legislative material elucidating
> that seminal act manifests a congressional intention that it cover a broad
> spectrum of administrative actions, and this Court has echoed that
> theme by noting that the Administrative Procedure Act's 'generous
> review provisions' must be given a 'hospitable' interpretation."

*Abbott Laboratories v. Gardner,* 387 U.S. 136, 140–141 (1967).

While Defendants allege alternatives to judicial review, neither provides an

adequate judicial remedy.[13] In any event, even the availability of other ostensible

relief does not bar this suit. *See Bowen*, 487 U.S. at 903 (stating "[t]he exception [in

§ 704] that was intended to avoid such duplication should not be construed to defeat

the central purpose of providing a broad spectrum of judicial review of agency

action."). In fact, remission or mitigation of goods is an inadequate substitute for a

---

[13] Again, Defendants point to an *in rem* forfeiture action under 19 U.S.C. § 1608 and its
accompanying CBP regulations—some of which provide "remedies" consisting of consent to
forfeiture or doing nothing, which also results in forfeiture. *See* [ECF No.14, PageID.131].
Similarly, Defendants point to 19 U.S.C. § 1618 and its accompanying regulations. *See id.*

determination that forfeiture is inappropriate. *See Wiren v. Eide*, 542 F.2d 757, 761, 764 (9th Cir. 1976). Specifically,

> While the remission or mitigation of lawful seizures and forfeitures is a matter committed to agency discretion, the determination of the propriety of the seizures and forfeitures themselves is not. . . . In this connection, we do not consider remission or mitigation proceedings an adequate substitute; in those proceedings, the granting of relief is purely a matter of administrative grace. ***Once an administrative agency has seized property for purposes of forfeiture, the sole remedy of a claimant, absent a purely voluntary remission or mitigation, is a court judgment that forfeiture is inappropriate***."

*Id.* (emphasis added); *see also Floyd v. United States*, 860 F.2d 999, 1004 (10th Cir. 1988); In re *Sixty Seven Thousand Four Hundred Seventy Dollars*, 901 F.2d 1540, 1543 (11th Cir. 1990); *Shearson v. Holder*, 865 F. Supp. 2d 850, 861 (N.D. Ohio 2011), *aff'd*, 725 F.3d 588 (6th Cir. 2013) (stating that Defendants "concede[s] that there is no express statutory requirement of administrative exhaustion" in the context of a challenge to a CBP seizure).

Effectively, Defendants ask Plaintiff to exhaust its administrative remedies when: (1) Defendants have failed to refer Plaintiff's petitions to the district attorney general for *in rem* forfeiture proceedings; (2) the underlying statute used to support the instant seizure expressly provides an exception for Plaintiff's products; and (3) there is no legal requirement to senselessly proceed through a war of administrative attrition when this Court can properly adjudicate Plaintiff's rights. Accordingly, just like Plaintiff is not required to exhaust its administrative remedies, it is not required

ClarkHill\66299\425039\263912633.v1

to proceed with an administrative appeal. Thus, this Court should deny Defendant's motion to dismiss Plaintiff's APA claim.

### 3. *Plaintiff's APA Claims Properly Challenge Agency Action.*

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704; *see also Leistiko v. Stone*, 134 F.3d 817, 820 (6th Cir. 1998) ("It is true that the Administrative Procedure Act provides generally for judicial review of final agency action for which there is no other adequate remedy in a court."). Likewise, "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704.

Here, Defendants sent (and continue to send) seizure notices, each noting in some combination that "[t]he property was seized and is subject to forfeiture under . . . 19 USC 1595a(c)(2)(A), 21 USC 863(a)(3), 21 USC 863(d)." *See* **Exhibit D**; *Wiren v. Eide*, 542 F.2d 757, 761, 764 (9th Cir. 1976) ("[W]e do not consider remission or mitigation proceedings an adequate substitute; in those proceedings, the granting of relief is purely a matter of administrative grace. Once an administrative agency has seized property for purposes of forfeiture, the sole remedy of a claimant, absent a purely voluntary remission or mitigation, is a court judgment

that forfeiture is inappropriate."). Remission or mitigation are particularly inadequate and futile where, as here, the outcome is foreordained.[14]

Under 5 U.S.C. § 551(13), "'agency action' includes the whole or a part of an agency . . . sanction."[15] As further provided by 28 U.S.C. § 1356, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States." Accordingly, pursuant to 5 U.S.C. § 704, the CBP seizure is an "agency action made reviewable by statute" and is therefore "subject to judicial review."

CBP's seizure consummates a final agency action. For agency action to be final, "the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). Rather, "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 178. The finality inquiry, however, is both "flexible" and "pragmatic." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149–50 (1967). "As a general rule, final agency action includes interpretive decisions that crystalize or modify private legal rights."

---

[14] *See* Customs Headquarters Rulings H275206 (Mar. 24, 2017) (**Exhibit E**) where CBP expressly refused to consider Congress' intent to authorize importations of products otherwise prohibited by Section 863 by "any person authorized by local, State or Federal law to . . . distribute such items." 21 U.S.C. § 863(f)(1). This reading improperly renders portions of Section 863 nugatory in order to support CBP's position.

[15] As defined by 5 U.S.C. 551(10)(D), "sanction" includes a seizure of property.

*Franklin Fed. Sav. Bank v. Dir., Office of Thrift Supervision*, 927 F.2d 1332, 1337 (6th Cir. 1991).

In seizing Plaintiff's property, and by further determining that Plaintiff's property was seized pursuant to 19 U.S.C. § 1595a(c)(2)(A), 21 U.S.C. § 863(a)(3), 21 and U.S.C. § 863(d), Defendants determined Plaintiff's rights and legal consequences have flowed from that decision. *See Premo Pharmaceutical Lab., Inc. v. United States*, 629 F.2d 795, 799 (2d Cir. 1980) (holding that referring the issue to FDA would be "wasteful and duplicative" in case where FDA had filed seizure actions after rejecting Plaintiff's attempt to file drug application with agency); *Natick Paperboard Corp. v. Weinberger*, 498 F.2d 125, 129 (1st Cir. 1974) (holding that district court had jurisdiction to grant declaratory relief where the FDA had made announcement that it would seize "certain food-packaging materials containing more than 10 ppm of PCB's").[16] Additionally, as provided by Section 10(c) of the APA, "[A]gency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for . .

---

[16] While Defendants contend that, under Third Circuit precedent, "no reasonable interpretation of 'finality' can the seizure of goods . . . be considered the 'consummation' of an agency's 'decision making process,'" it leaves out the Court's rationalization for stating as such: "Based on the facts alleged, the seizures at issue are not 'final agency actions.' *This is particularly so given the Third Circuit precedent recognizing that '[its] cases have . . . focus[ed] on whether judicial review at the time will disrupt the administrative process.*" *LKQ Corp. v. DHS*, 760 F.3d 490, 587–88 (6th Cir. 2019) (emphasis added). Here, Defendants have sat on Plaintiff's petitions for more than a year, without forfeiture action or other adjudication of Plaintiff's rights. It strains credulity to contend that judicial review will delay an administrative process that has failed to launch.

. any form of reconsideration. . . ."  Accordingly, the CBP has properly rendered a final decision under the APA, and this Court should deny Defendants' motion to dismiss Plaintiff's APA claims.

### D. Defendants' Motion to Dismiss Count VI Should be Denied.

FED. R. CIV. P. 8(a)(3) expressly permits a party to "include relief in the alternative."  Plaintiff pled this claim as an alternative form of relief.  "Although a court gives appropriate deference to an agency's interpretation, by regulation, of an ambiguous statute that the agency is charged with administering, ... that deference does not permit abdication of the judicial responsibility to determine whether the challenged regulation is contrary to statute or devoid of administrative authority." *Aerolineas Argentinas v. United States*, 77 F.2d 1564, 1573 (Fed. Cir. 1996). (internal citation omitted). Where, as here, an agency misinterprets or misapplies a statute or regulation, the Tucker Act provides jurisdiction to recover against the agency for the sum exacted illegally.  *See Id.* at 1578.  As such, this Court has jurisdiction over Count VI of Plaintiff's Complaint.

"As the literature emphasizes, the law of just compensation is hardly a model of clarity."  *Yuba Goldfields, Inc. v. U.S.*, 723 F.2d 884, 887 (Fed. Cir. 1983).  With some exceptions, it is "largely characterized by confusing and incompatible results, often explained in conclusionary terminology, circular reasoning, and empty rhetoric." *Id.* (quoting Professor Arvo Van Alstyn, *Taking or Damaging by Police*

*Power: The Search for Inverse Condemnation Criteria,* 44 S.C. L. Rev. 1, 2 (1970)). The fact-intensive nature of just compensation jurisprudence argues against precipitous grants of summary judgment. *Id.* Here, Plaintiff is unable to articulate its damages because Defendants are in exclusive possession and control of the subject goods.  However, to the extent Plaintiff's damages end up exceeding $10,000, the proper remedy is to transfer this claim to the Federal Court, as opposed to dismissing it.  *See Griswold v Potter*, 2003 WL 23941714 (W.D. Mich.,  Oct. 15, 2003) (stating the Court would have jurisdiction over the plaintiff's claims if they were less than $10,000 but would be required to transfer the case to the Court of Claims if the plaintiff's claim exceeded $10,000) (internal citation omitted).  **Exhibit F**. At this point though, this claim should continue to be part of this action until the Court is able to analyze the statutory interpretation issues involved in this case.

## V.    CONCLUSION

WHEREFORE, Plaintiff respectfully request this Court deny Defendants' Motion and grant Plaintiff any relief that is just and equitable under the circumstances.

ClarkHill\66299\425039\263912633.v1

Respectfully submitted,

CLARK HILL PLC

By:   /s/ Jason R. Canvasser
          Jason R. Canvasser (P69814)
          500 Woodward Ave., Suite 3500
          Detroit, MI 48226
          Tel: (313) 965-8300
Dated:  August 30, 2021        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, my assistant electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all of the parties of record.

/s/ Jason R. Canvasser
Jason R. Canvasser

25

ClarkHill\66299\425039\263912633.v1